PARGOUD
*vs.*
GRIFFING'S
ADMINISTRATOR.

PARGOUD *vs.* GRIFFING'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

Payments must be imputed to the most onerous debt. So where A was creditor of B, by an open account and a note, payments made after the note became due, should have been imputed to it, instead of the account.

An opposition, and not a separate suit, is the proper mode of proceeding in litigating the claim of a creditor, who demands to be placed on the tableau, filed by an administrator of an estate. The plea of the general issue, on the part of the administrator, will let in all legal evidence touching the validity of the claim.

The defendant filed a tableau of distribution, of the estate which he has administered. The plaintiff made opposition to it, because he was not placed on it as a creditor, for a balance due, on an account for two thousand two hundred and twenty-nine dollars and sixty-nine cents, with interest, and for the further sum of one thousand four hundred and eighty-five dollars and fifteen cents, the amount of a note of the deceased, which he holds. He also opposes the allowance of the sum of eight hundred and sixty-five dollars, to one J. H. Guise, in the name of J. Griffing, as not being due, and as not belonging to said Guise. He also claims seven dollars, due on account. He prays judgment for his demand, and the rejection of Guise's claim.

The defendant pleaded a general denial, and that the sum of three hundred and sixty dollars had been paid to the plaintiff. He further denies the right of the plaintiff, to interfere in the allowance of other claims ; and further, that this is not the proper suit in which to liquidate a claim, but that an action for that purpose, should have been instituted. He prays that the plaintiff's opposition be dismissed.

Upon these pleadings and issues, the cause was tried before the court.

The judge of probates, on hearing the evidence, sustained the opposition throughout, and amended the tableau accordingly. From this judgment the administrator, as defendant, appealed.

WESTERN DIST.
October, 1836.

PARGOUD
vs.
GRIFFING'S
ADMINISTRATOR.

*Hyams*, for the plaintiff and opponent, contended that this was the proper mode of proceeding to litigate the claims set up by the opponent, which are proved, and should be allowed.

2. In a *concurso* of creditors and claimants of an estate, they are all plaintiffs and defendants, and can litigate with each other, contradictorily. *Saul* vs. *His Creditors*, 7 *Martin, N. S.*, 433, 447. *Ibid.*, 131.

*Mc Guire*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellee opposed the tableau filed by the administrators, on the ground, principally, that he had not been placed on it as a creditor for about two thousand dollars, balance of accounts, and for fourteen hundred and eighty-five dollars and fifteen cents, by note, with interest at ten per cent., dated 7th September, 1831. The administrator put in an answer, containing the general denial, and he is appellant from a judgment by which the opposition was sustained.

The evidence makes it clear, that while the note which bore interest at ten per cent. was due, Pargoud received about eleven hundred dollars, the proceeds of cotton of the deceased, sold in New-Orleans. That amount ought to have been imputed to the note, which was not only the most onerous but was in fact the only debt due at that time. That sum, together with the payments made by the representatives of the estate, since the death of the debtor, as shown in the record, nearly extinguished the note of the 7th September, 1831.

But the opponent credited the open account with the proceeds of the cotton. This we think he could not do, and that the court erred in sustaining his pretensions.

It only remains to inquire, whether the opponent has proved his account by sufficient evidence. It appears, that

Payments must be imputed to the most onerous debt. So, where A was creditor of B, by an open account and a note, payments made after the note became due, should have been imputed to it instead of the account.

WESTERN DIST.
October, 1836.
─────────
PARGOUD
vs.
GRIFFING'S
ADMINISTRATOR.

An opposition, and not a separate suit, is the proper mode of proceeding, in litigating the claim of a creditor who demands to be placed on the tableau filed by an administrator of an estate. The plea of the general issue on the part of the administrator, will let in all legal evidence touching the validity of the claim.

the deceased was a retailer, and purchased his stock principally of the opponent. One witness swears to the delivery of the goods, except what were charged in December, when he was in New-Orleans. The charge for that month was only seventy-five cents. *De minimis non curat lex.* This evidence satisfied the court below.

The court below did not err, in our opinion, in disregarding the exception as to the mode of proceeding in the shape of an opposition, instead of instituting a separate suit, the administrator having pleaded the general issue, and the evidence was properly admitted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed; and proceeding to render such judgment, as ought in our opinion to have been given below, it is further adjudged and decreed, that the opponent be placed on the tableau as a simple creditor, for the sum of three thousand three hundred and forty dollars and twenty-three cents, to be paid in due course of administration, with interest at five per cent., if there be sufficient funds to authorize it; that his opposition, so far as relates to the note of the 7th September, 1831, be rejected, and the note cancelled, that the claim of the estate of Jeremiah Griffing be disallowed and rejected, and that the tableau, as thus amended, be homologated; the costs of the Court of Probates to be paid by the estate, and those of the appeal by the appellee.

*Hyams*, for the plaintiff, suggested an error in the judgment, which was corrected, as follows:

*Bullard, J.*, delivered the opinion of the court.

We are satisfied, on the re-hearing in this case, that the judgment first pronounced was erroneous, in rejecting in toto the claim of the opponent for the note of the deceased; that the judgment is therefore set aside, and the following pronounced in lieu of it:

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed; and proceeding to render such judgment, as ought in our opinion to have been given below, it is further adjudged and decreed, that the opponent be placed on the tableau as a simple creditor for the sum of three thousand three hundred and forty dollars and twenty-three cents, to be paid in due course of administration, with interest at five per cent., if there be sufficient funds to authorize it; that he be further put down as creditor for a balance on the note of the 7th September, 1831, of two hundred and thirty-six dollars and sixty-five cents, with interest at ten per cent., from July 20th, 1833; that the claim of the estate of Jeremiah Griffing be disallowed and rejected, and that the tableau, as thus amended, be homologated; the costs of the Court of Probates to be paid by the estate, and those of the appeal by the appellee.