## ANDERSON'S ADMINISTRATOR *vs.* BIRDSALL'S ADMINISTRATRIX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

WESTERN DIS.
September, 1841.

ANDERSON'S
ADMINISTRATOR
*vs.*
BIRDSALL'S AD-
MINISTRATRIX.

An appeal will not be dismissed, for want of citation of appeal, when it was caused by the fault of the appellee.

It is no ground for a continuance that a witness is insane, and time is asked, that he may recover, and his deposition be taken; especially when it is not shown he would be able to testify in a reasonable time.

When the answer sets up no special contract, a continuance need not be allowed for the party to procure the testimony of a witness, as it is unimportant to the defence to prove one.

Where a person has treated with a minor, he cannot plead the nullity of the agreement, when sought to be enforced after the disability has ceased.

Where a claim against an estate is unliquidated, or the curator objects and refuses to approve it, the party may sue on it in the Court of Probates; but he cannot have execution immediately, as it must be paid concurrently with other creditors.

Claims against estates in the course of administration, bear *legal* interest from the time they are due and payable, although unliquidated.

The administrator of W. F. Anderson, deceased, claims the sum of $3000, from the defendant, Emily A. Birdsall, as ad-ministratrix of the estate of her deceased husband, F. G. Birdsall; being for the wages of W. F. Anderson, as a clerk in the store of F. G. & J. B. Birdsall, for three years, and up to the time of his death, in September, 1839. He prays judgment against the estate administered by the defendant, and also against J. B. Birdsall the surviving partner.

The defendants excepted to the action, as against the suc-cession of a deceased partner, and the survivor in the Probate Court; especially as the demand was against a mercantile firm. It was dismissed as to J. B. Birdsall.

The administratrix pleaded the general issue: and averred that no recovery could be had, as the deceased, W. F. An-derson, was a minor when he engaged himself as a clerk, and when the services were rendered, and that his parents alone could legally claim them; and finally, that the services were not worth what was claimed, &c.

Upon these pleadings and issues the cause was tried. The

questions of law raised in the course of the trial are fully stated in the opinion of this court.

From the testimony adduced, the Judge of Probates was of opinion the plaintiff's demand was shown to be worth in the aggregate $1260, from which a credit of $674 76 was to be deducted, leaving a balance of $585 25, for which judgment was rendered. The defendant appealed.

*Splane,* for the plaintiff.

*Dwight & Gibbons,* for the defendant.

*Bullard, J.* delivered the opinion of the court.

The administrator of the estate of W. F. Anderson instituted the present suit against the administratrix of the estate of F. G. Birdsall, deceased, and against James B. Birdsall, surviving partner, to recover the value of his intestate's services as clerk of the firm for three years previous to his death, which he fixes at three thousand dollars.

James B. Birdsall excepted to the jurisdiction of the Court of Probates; his plea was properly sustained, and the suit dismissed as to him.

The other defendant, after setting up some exceptions as to the propriety of the plaintiff's appointment to administer on the estate of Anderson, which seems to have been disregarded by the court, finally answered by denying the allegations in the plaintiff's petition. She further denies the right of the administrator, to recover the wages of the deceased, most of which were earned while he was a minor, he having died at the age of twenty-two years. She further denies, that his services were worth the amount claimed, and avers that he received in his lifetime the full amount due him. She further excepts, that the claim never was presented to her before bringing suit, as the law requires.

After the suit had been discontinued as to the surviving partner, Henry C. Dwight, who, it appears, had purchased his in-

terest in the concern, and became liable for his share of the debts, came forward with a petition of intervention, setting forth these facts, and offers to sustain the defendant in her de- fence.    As he asks no judgment in his own favor, and no judgment was pronounced as to him, and he is not a party to this appeal, no further notice of his intervention is required.

The court having pronounced a judgment against the administratrix for a balance due to the deceased, she appealed. The judgment was rendered on the 17th of August, 1840, too late to prosecute an appeal to the August term of this court for that year, and the appeal was made returnable at the present term.   The appellee however brought up the transcript last year together with the petition of appeal and the bond, having waived all formalities; but the court refused to try it before the proper return day.   The appellee. now moves to dismiss the appeal on the ground, first, that it was not made returnable to the proper time ; and secondly, that no citation has been served.   We cannot grant his motion.   We have already expressed our opinion, that the appeal was properly made returnable at the present term, and it is manifestly the fault of the appellee, that no citation issued, as he had taken the transcript out of the office, and waived citation.

*An appeal will not be dismissed, for want of citation of appeal, when it was caused by the fault of the appellee.*

The appellant calls our attention to a bill of exceptions, upon which he relies to show, that a postponement of the trial was improperly refused.   The ground for the continuance was, that a commission, issued to take the deposition of J. B. Birdsall, could not be executed, because he was insane, but was expected to recover shortly, and the postponement was asked for a period not exceeding one year.   The affidavit sets forth, that the defendant expects to prove by the absent witness a special contract for wages at the rate of $12½ per month for the first year, and $20 for the second and third, with board, washing and lodging ; and that he had been fully paid.   The court overruled the motion on the ground, that the witness was interested, being a former partner ; and originally a party to this suit. The court, in our opinion, did not err in refusing the continu-

*It is no ground for a continuance that a witness is insane, and time is asked, that he may recover, and his deposition be taken ; especially when it is not shown he would be able to testify in a reasonable time.*

WESTERN DIS.
September, 1841.

ANDERSON'S
ADMINISTRATOR
vs.
BIRDSALL'S AD-
MINISTRATRIX.

Where the answer sets up no special contract, a continuance need not be allowed for the party to procure the testimony of a witness, as it is unimportant to the defence to prove one.

Where a person has treated with a minor, he cannot plead the nullity of the agreement, when sought to be enforced after the disability has ceased.

Where a claim against an estate is unliquidated, or the curator objects and refuses to approve it, the party may sue on it in the court of probates; but he cannot have execution immediately, as it must be paid concurrently with other creditors.

Claims against estates in the course of administration, bear *legal* interest from the time they are due and payable, altho' unliquidated.

ance, although he may not have given the best reason for it. The answer does not set up a special contract with young Anderson, and consequently it was not important to the defence to prove one. The affidavit does not show a probability, that Birdsall, the absent witness, would be in a situation to testify within a reasonable time.

That part of the defence, which sets up the minority of young Anderson as a ground for not paying him or his administrator, cannot avail the defendant. Having treated with the minor himself, she cannot plead the nullity of the agreement, when sought to be enforced, after the disability has ceased; La. Code, 1785. It does not appear, that the father or any other person standing *in loco parentis*, intervened in the contract, much less has set up any claim to the wages due to the deceased.

Another exception remains to be disposed of, to wit: that this claim was not first presented to the administrator for his admission. Article 984 of the Code of Practice, it is true, provides, that no bearer of a claim for money against a succession administered by a curator, executor or administrator, shall commence an action against such succession, before presenting his claim to the curator. But we understand this provision to apply to liquidated claims only; for a subsequent article declares, that if the claim "be not liquidated, or if the curator, &c., have any objection to it, and subsequently refuse to approve it, the bearer of the evidence of such claim may bring suit in the ordinary manner before the Court of Probates," &c. Art. 986. In the present case the claim is unliquidated, and consequently the exception cannot avail the defendant. But it does not follow, that the plaintiff will be entitled to an execution at once; for the claim can only be paid in concurrence with the other creditors. Arts. 987, 1053 et seq.

Upon the merits, the judgment does not appear to us so unsupported by evidence as to justify our interference. We are not satisfied, that injustice has been done the defendant.

Interest was properly allowed at five per cent. from the

death of the defendant's intestate; it not being shown, that the estate was insufficient, and we are to presume it solvent. Code of Practice, 989.

It is therefore ordered and decreed, that the judgment of the Court of Probates be affirmed with costs.