SUCCESSION OF FREDERICK JACOBS—ANDREW THOMAS, Tutor, Appellant.

Where an appeal has been applied for within the time prescribed by the Code of Practice, art. 593, it may be obtained even after that period, when the delay results from the necessity of applying to the Supreme Court, created by the refusal of the inferior Judge to allow the appeal.

Unliquidated claims against a succession, need not be presented to the administrator for his approbation, before commencing an action therefor. C. P. 984, 986.

The owner of an unliquidated claim against a succession, cannot obtain judgment therefor, by a rule to show cause taken against the administrator. The action must be brought in the ordinary manner, before the Court of Probates in which the succession was opened.

APPEAL from the Court of Probates of Jefferson, *Dugué*, J. The administrator of the succession of Frederick Jacobs deceased, is appellant from a judgment rendered on a rule taken by one John A. Zender on him, to show cause why he should not pay

out of the funds of the succession, a claim for a commission of five per cent on the value of certain property alleged to have been recovered by Zender, as agent for the deceased. There was a judgment allowing a part of the claim.

*McKinney*, for the appellant.

*J. Seghers*, contra, contended that the appeal must be dismissed, having been taken after the expiration of a year from the date of the judgment, the appellant being a resident of this State. Code of Practice, art. 593. *Vigilantibus, non dormientibus lex subvenit.*

MARTIN, J. The dismissal of this appeal is asked on the ground, that it was taken after the expiration of one year, from the rendition of the judgment. Art. 593 of the Code of Practice. The judgment was rendered on the 8th of April, 1842, and signed on the 14th; a petition of appeal was filed on the 26th. The Judge refused to allow the appeal; and application to us became necessary, and a *mandamus* was obtained, obedience to which was delayed on account of the indisposition of the Judge.

As the application for an appeal was made before the expiration of the period fixed by law, and the delay resulted from the recourse to us, which the refusal of the Judge rendered needful, the appellant cannot suffer on that account. The appeal must, therefore, be sustained.

The appellant filed an exception, on the ground, that the claim had not been presented for his approbation, and that the claimant ought to have proceeded by a petition, and not by a rule to show cause, as he has done, relying on the Code of Practice, art. 984, *et seq.*

The exception ought to have been sustained, not on the first ground, for we have held that unliquidated claims need not be presented to the administrator for his approbation. *Anderson's administrator v. Bisdsall's administratrix*, 19 La. 444. But on the second; for the Code of Practice, art. 986, requires if the claim be unliquidated, as the present is, or if liquidated and disapproved, that the party should bring his action in the ordinary manner.

The Court of Probates erred in giving judgment against the appellant on the rule.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed ; and it is ordered that the ruˡe be discharged, with costs in both courts.