No. 2569.—SUCCESSION of J. P. BINGAY.—On Opposition of AMANT BOURGEOIS, Tutor.

The parish court has exclusive original jurisdiction to settle disputes arising from the opposition to an account and tableau of distribution filed by the executor or administrator, regardless of the amount involved in the opposition; but where the validity or correctness of the demand is brought in question, either by the executor or administrator on the one side, or the creditor on the other, then the jurisdiction of the parish or district court is governed by the amount involved.

APPEAL from the District Court, parish of St. James. *Beauvais*, J. F. P. *Poché*, for administrator, appellant. J. K. *Gaudet*, for opponent, appellee.

HOWELL, J. The only question presented by this appeal is, whether or not the parish court has jurisdiction of an opposition filed by a creditor whose claim, exceeding five hundred dollars, had been recognized by a judgment of the district court against the succession, before the opposition to the tableau was filed and transferred to the parish court?

The question must be answered in the affirmative. The constitution requires that "*all* successions shall be opened and *settled* in the parish courts," and, necessarily, these courts must have the jurisdiction and powers essential to the settlement of successions. Among these is the jurisdiction over the distribution of funds in the hands of an administrator. Where claims have been recognized either by the administrator or by judgment of a court, there is no longer any contestation between the creditor and the succession, in the meaning of that clause of article eighty-seven of the constitution which says: "All suits in which a succession is either plaintiff or defendant, may be brought either in the parish or district court, according to the amount involved."

The "suit," in this instance, against the succession to establish the existence or validity of the opponent's claim, has already been decided, and the opponent can only demand that he be paid, in accordance therewith, in due course of administration—that is, concurrently with the other creditors—out of the funds of the estate as they are or may be realized. C. P. 987. The constitution must control the Code of Practice; but the latter may, in cases of doubt, be referred to for the meaning of words and terms as used in the former, the convention being supposed to use them in the sense in which they had been used. Under this rule the word "suits," in the above clause, must mean

Succession of Bingay.

suits brought by a succession, or suits against a succession for any claim for property or money. The mode of obtaining payment is not changed by the said clause, but left as fixed by the preceding clause, requiring all successions to be settled *in* the parish courts. Any other ·conclusion would leave it in the power of an interested administrator ·or creditor to cause great delay and expense, and virtually determine, ·by his own act, the jurisdiction of the parish and district courts—a result never contemplated by the convention.

In this case it is difficult to see what jurisdiction the district court ·can be called on to exercise. It has already rendered a judgment ·against the succession in favor of the opponent. It can not render a judgment on that judgment, nor can it issue execution thereon. And it certainly can not be called on to order the administrator to pay the opponent's claim without having all the parties before it, or even concurrently with them. Such settlement must be had in the parish court. The district court has already exhausted its jurisdiction as to this particular claim, and the parish court is vested with jurisdiction of the question, whether or not the opponent's judgment must have a place, and what place, on the tableau of distribution; that is, whether or not the opponent has, by virtue of his judgment, a right to a share of the fund on distribution—it being a question of rank?

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment dismissing the rule taken on fifth November, 1869, by Amant Bourgeois, tutor, to rescind the order of transfer, with costs in both courts.