Hon. J. G. Taliaferro,
Hon. R. K. Howell,
Hon. W. G. Wyly,
Hon. W. W. Howe, } *Associate Justices.*

---

23 527
49 977

No. 753.—Succession of J. Sosthene Mouton.

A judgment homologating an administrator's account so far as not opposed, becomes final if not appealed from within the delays allowed by law. If, therefore, an appeal has been taken from a judgment rendered on the items of the account which have been opposed, after the time has elapsed for taking an appeal from the judgment on the items not opposed, the appellate court can not inquire into the correctness of the judgment on the items not opposed, because the judgment has become final.

APPEAL from the Parish Court, of Lafayette. *Moss,* Parish Judge. *Felix Voorhies,* for estate. *De Blanc & Perry,* for opponent and appellant.

HOWELL, J. On the twenty-seventh of November, 1867, the administrator of this succession filed a tableau of distribution, with an acceptance of service by certain parties entitled to special notice, and caused publication to be made. On the twenty-eighth of December, following, the widow opposed its homologation, on the grounds that she was charged with receiving $1600 more than she had actually received, and had not been allowed the sum of $3000, amount of purchases by her husband at the sale of her mother's estate, and $5000, being the half of individual debts of the decedent, due by him prior to, and paid after marriage.

On the seventh of March, 1868, the tableau was homologated, so far as not opposed. From the judgment rendered on the twelfth of July, 1870, rejecting the opposition of the widow, she and J. Edmond Mouton, have appealed. In this court they have filed a plea of prescription to every claim, account and note on the tableau, except those in favor of the widow. This plea can not avail, as the judgment of seventh March, 1868, homologating the tableau as to those items, and the whole tableau so far as not opposed, is not before us for revision.

The appellants, in their brief, complain only of this judgment of homologation, but it is manifest that we can not inquire into its correctness, on an appeal, taken more than two years after its rendition from a judgment dismissing a specific opposition, not embraced in or connected with the said judgment of homologation.

The alleged fact that one of the appellants attained the age of majority after the filing, but before the homologation of the tableau, can not give him the right to oppose the tableau after it is homologated, or to have the judgment of homologation not appealed from revised on this appeal, nor can the clause of the prayer in the opposition of the widow, "that the homologation of the said tableau of J. Sosthene Mouton be suspended until the decision of the court," give any such rights to the appellants, or either of them. That judgment, so far as this controversy is concerned, is final. The parties aggrieved by it might have applied for a new trial, taken an appeal from it, or instituted an action to annul it if the causes of complaint were sufficient.

The rulings of the judge a quo refusing to entertain the amended opposition of the widow, and the opposition of J. Edmond Mouton, seem to us to be entirely correct, and we can find no good reason for disturbing the judgment appealed from.

Judgment affirmed.