## No. 7068.

### SUCCESSION OF WALTER O. WINN.

When it appears that neither creditors, nor other parties in interest have been cited to oppose a tableau of debts filed by an executor, and that there are no funds to distribute, and no funds had been collected or disbursed, the homologation of such a tableau is not binding on the creditors, or heirs, and they can not be called in by mere publication to establish or oppose it.

A succession can not be bound by a tableau filed by the attorney at law of the executrix, who is absent from the State, and when it appears that the attorney was not specially authorized to file the tableau, and that the executrix was ignorant of what was put down on it.

It is only a creditor who has obtained a legal acknowledgment of, or a judgment recognizing his debt, that is entitled to provoke a sale of succession property to pay his debt.

APPEAL from the Parish Court of Rapides parish.    *Clements, J.*

*James G. White, Michael Ryan*, and *Robert P. Hunter* for appellees.

*R. A. Hunter* and *R. J. Bowman* for executrix appellant.

The opinion of the court was delivered by

EGAN, J.    The plaintiffs in the rules claim to be creditors of the succession: Ryan & White for $2000 for services as attorneys in the succession; Mrs. Barlow for $1000 also for services as attorney rendered to the succession by her deceased husband, H. C. Barlow; Solibellos for $4000, evidenced by note subject to a credit. Winn died in 1861; his succession was opened in 1862. In 1869 a tableau of debts was filed by the attorneys for the then executrix, Mrs. Winn, now wife of Richards, upon which appear the claims of the several plaintiffs in the rules as debts of the succession. It was homologated by the parish judge, H. C. Barlow, who himself figured upon it as a creditor for the same debt now claimed by his widow, plaintiff in one of the rules.

There were a large number and amount of other claims on the tableau, but it does not appear that there were any funds to distribute; on

the contrary, the evidence both on the face of the tableau and otherwise shows the absence of funds. The succession, formerly a very large one, consisting of lands, slaves, etc., is shown to be now insolvent. Mayfield, who claims to be a creditor to a large amount as holder of promissory notes of the deceased, opposes the demands of the plaintiffs in the several rules on various grounds, similar to those set up by the executor. They in turn denied that he was a creditor, and averred that if he ever had been his claim was prescribed. The executor resisted the rules upon the ground that until the plaintiffs had been recognized as creditors by a valid judgment or by an acknowledgment of the executor according to law they were not entitled to be heard or to interfere in the succession. That the tableau of debts upon which they based their claims was an absolute nullity. First, because the executrix had left the State and was a non-resident when the tableau was filed without leaving an agent to represent her, and that neither she nor her attorneys could acknowledge claims by filing a tableau of debts; second, because Barlow, the judge who homologated the tableau, was a creditor upon and interested in the tableau; third, because the tableau being approved, the parish court was without jurisdiction; fourth, because the homologation of a tableau being an *ex parte* proceeding is not binding on creditors; fifth, because no services are specified for the charges of the attorneys, and no evidence offered to support the tableau.

None of the creditors or other parties in interest were cited in the matter of the tableau. It does not appear that there were any funds to distribute, or that any had been collected or distributed. It was therefore not such a tableau as could be made binding by homologation upon either creditors or heirs, nor one in regard to which they can be called in by publication to establish or oppose. Succession of Hart, 8 R. 121; Succession of Day, 2 An. 895; Hickman vs. Flemisker, administrator et al., 12 An. 268. But were it otherwise, Judge Ryan, the attorney who filed the tableau, testified on the trial that the executrix was absent from the State when the tableau was filed by him for her, and that she never saw the tableau or any of the claims upon it, and he is not shown to have had authority to acknowledge them for her. The claims of the plaintiffs in the rules do not appear to have been acknowledged in the manner provided by law. C. P. arts. 985, 986. And as was very properly decided in the Succession of Poussin, 27 An. 296, an attorney at law, merely as such, can not allow claims which the legal representative of the succession never heard of, nor bind the succession by filing a tableau upon which they figure without the knowledge of the executor or administrator. In the same case it was also properly held that a tableau filed under such circumstances does not dispense with that legal acknowledgment provided for in the articles of the Code of Practice just

quoted. In the Succession of Connolly, 5 An. 753, it was held that where it is denied that one claiming to be a creditor is such (as is done in the case at bar), he can not in the absence of proof of some legal recognition of his claim interfere in the administration of a succession, in which others are interested, to recover damages and dismiss an administrator from office for failing to deposit moneys in bank; that such action can only be urged by those whose rights as creditors are legally established. We think the same principle applies equally in the present case. Mrs. Winn was dismissed from office and another executor appointed, against whom these rules are taken. If the plaintiffs are creditors at all their claims are not liquidated or acknowledged as required by article 985 of the Code of Practice. The executor refuses to recognize or approve them, and, on the contrary, denies their existence. Their only right then is to sue to obtain judgment as in other cases. C. P. 986. It is only such creditor as has obtained either that legal acknowledgment or judgment recognizing his debt who has the right to submit his claim to the judge of probates that it may be ranked among the acknowledged debts of the succession, C. P. 985, who can obtain its payment according to article 987 C. P., or provoke the sale of property to pay debts under article 990 of the Code of Practice.

It is also denied that Mayfield is a creditor, and averred that if he ever was his debt is prescribed. He claims that the question of prescription was judicially determined in his favor in a suit brought by him to remove Mrs. Winn from the administration of the estate, and that his debt, which is evidenced by several promissory notes, has been legally acknowledged both by the former and present executor. The evidence supports the latter allegation; but we do not consider the adjudication in the amotion suit as determining finally for other purposes and against other creditors or parties interested the matter of prescription. The judgment of the court below dismissed his opposition and made the rules absolute so far as to order the executor to sell property for the payment of debts. It is unnecessary under the view we take of the case to consider the other points raised or the various bills of exception in the record.

For the reasons stated the judgment of the court below is avoided and reversed, and it is now ordered and adjudged that the several rules which were all tried together be and they are discharged at the costs of the plaintiffs; that the opposition of Mayfield being only incidental to the rules be also dismissed at his cost. That the right of the several claimants, including Mayfield, to assert their claims according to law, if any such they have, and of the succession, and all parties in interest, to contest the same, and each of them, be reserved for future adjudication.

The Chief Justice recused himself in this cause.