### Succession of ISRAEL.
### No. 14881.

Court of Appeal of Louisiana. Orleans.
May 7, 1934.

M'Caleb & M'Caleb and Arthur B. Leopold, all of New Orleans, for appellant.

J. G. Dempsey, Jr., of New Orleans, for appellees Mr. & Mrs. Louis Ferina.

HIGGINS, Judge.

This is a proceeding by a rule filed by judgment creditors against the testamentary executor of the succession of Jacob Israel to compel the executor to pay unto them the sum of $290.50, said to have been set up in the provisional account for that purpose, and which account was approved and homologated by the court without any appeal having been taken therefrom.

The executor in his return to the rule denied the above allegations, averring that the account merely carried a notation that the fund was being kept segregated in order to await the determination of the suit by plaintiffs in rule against the succession in another proceeding in a different division of the civil district court; that the judgment, under which the plaintiffs in rule are now claiming as creditors, specifically provided that no execution should issue thereon, but the same was to be satisfied in the due course of administration of the succession according to law; that plaintiffs in rule did not claim any lien or privilege on the segregated fund and were nothing but ordinary creditors, and as the preferred creditors had not been paid in full, that the plaintiffs were without any legal right whatsoever to the said money.

There was judgment making the rule absolute, and the executor has appealed.

The record shows that on June 15, 1933, Jacob Israel died and his succession was opened on July 23, 1933. On July 24, 1933, the plaintiffs in rule instituted a suit against the executor of the estate of Jacob Israel

for the sum of $8,800 alleged to be due under the terms of a written lease and rent notes which matured under the acceleration clause contained in the lease. The executor admitted liability, but averred that as the plaintiffs did not claim any lien or privilege they were ordinary creditors, and under the law were required to assert their rights as all other creditors in the succession proceeding.

Plaintiffs filed a motion for judgment upon the face of the pleadings, and the trial court on November 9, 1933, rendered a judgment in their favor in the sum of $8,800 as prayed for, and further ordered: "That no execution shall issue upon this judgment but that same shall only be paid and satisfied in due course of administration of this succession in accordance with law." Plaintiffs did not appeal from that judgment.

In the meantime on October 10, 1933, the executor filed his first provisional account which showed the cash receipts on hand as the result of the sale of certain movable property. The money was prorated among the preferred creditors, such as costs of court, attorneys' fees, executor's fees, notarial fees, funeral bill, expenses of last illness, etc. The account contained the following note:

"The executor has in his hands $290.50 rent collected from the Ferina property leased to the decedent, to await the disposition of the case of Ferina v. Succession of Israel, No. 203,087 which amount the executor has segregated and is keeping apart from the general receipts until the final determination of said suit."

The account was homologated on October 23, 1933, and the rule in question was filed on January 5, 1934.

■ The notation in the account with reference to the amount collected for rent cannot be construed as an acknowledgment by the executor that this money was due to the plaintiffs in rule, nor can the request on the part of the executor to have the court approve and homologate the account be interpreted as authorizing the executor to pay that fund unto the plaintiffs in rule. It was purely a precautionary step on the part of the executor to segregate the fund on account of the litigation pending in the civil district court in the other suit between the parties. The judgment in this separate proceeding cannot be considered as an approval by the judge that this particular fund should be paid to the plaintiffs. In fact, the judgment expressly limits the execution of the judgment, as the law would have done in the absence of this provision in the judgment. We, therefore, conclude that the record does not bear out the contention of the plaintiffs in rule that the money was placed in the account for the purpose of paying it over to them.

■ The plaintiffs in rule neither in this proceeding nor in their separate suit claimed as preferred creditors, since they did not assert either a lien or a privilege. When the default took place in the prompt payment of the rent, the plaintiffs, as lessors, had the right to either ask for the cancellation of the lease or avail themselves of the acceleration clause and obtain a judgment for the full amount of the unexpired part of the lease. Loyacano v. Villere & Burglass, 6 La. App. 37; Burglass v. Villere (La. App.) 147 So. 727. They chose the latter. This gave them the status of judgment creditors and conferred on the succession the right of occupancy of the leased premises. Counsel for the plaintiffs in rule has been unable to point to any law which gives them a lien or privilege upon the funds collected by the executor from the subtenants of the leased property. The articles of the Civil Code give a lessor a lien and privilege upon the effects of the tenant and subtenant when the rent has not been paid. Articles 2705–2709 and 3218. In the instant case, the subtenants paid the rent, thus the landlord did not have any lien or privilege on their effects. We know of no law which gives a lessor, who has reduced his claim to a judgment, a lien and privilege on the funds collected by the lessee from the subtenants; consequently, plaintiffs in rule are ordinary judgment creditors and must enforce their judgment in the succession proceeding in concurso with the other creditors and attempt to satisfy their claim in that way out of the funds of the estate. Anderson v. Birdsall, 19 La. 441; Maxwell-Yerger Co. v. Rogan, 125 La. 1, 51 So. 48; Succession of Bingay, 22 La. Ann. 101; Succession of Irwin, 33 La. Ann. 65; Hall & Lisle v. Belden, 29 La. Ann. 119; Succession of Mouton, 23 La. Ann. 527; Succession of Sussman, 168 La. 350, 122 So. 62.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of Joseph Mitchell, testamentary executor of the estate of Jacob Israel, and against the plaintiffs in rule, Mr. and Mrs. Louis Ferina, dismissing the said rule at their cost.

Reversed.