## Succession of RABB.
### No. 17320.

Court of Appeal of Louisiana. Orleans.
Jan. 22, 1940.

Waverly A. Henning and Robert G. Comer, both of New Orleans, for opponents and appellants, Mr. and Mrs. Charles Smith.

H. W. Robinson, of New Orleans, for appellee Howell Carter, Jr.

McCALEB, Judge.

On February 15, 1939, Howell Carter, Jr., the dative testamentary executor of the above entitled succession, filed a final account of his administration. This account was opposed by Mrs. Delia Rabb Smith, wife of Charles Smith, and by Charles Smith, individually, on the ground that they were not included thereon as creditors of the deceased; that the estate is indebted unto them in the sum of $930 for nursing services rendered by Mrs. Smith to the deceased in his last illness and that they are accordingly entitled to be recognized as creditors of the succession for that sum and to be paid out of the assets of the estate.

The executor of the succession excepted to the opposition on the ground that, since the claim of Mr. and Mrs. Smith is unliquidated, their only remedy is to proceed against him in the ordinary manner by petition and citation and have their demand liquidated by a judgment contradictorily rendered. This exception was sustained by the trial judge and the opposition was dismissed. The opponents have appealed to this court from the adverse ruling.

The question presented relates solely to the correct mode of procedure with respect to creditors holding unliquidated claims against a succession. The executor, relying upon the provisions of Article 986 of the Code of Practice, maintains that the only remedy afforded to the creditor in such instance is by direct action. The opponents, on the other hand, while conceding that they might have proceeded by direct action, contend that the courts have many times recognized that a creditor holding an unliquidated claim has also the right to proceed by way of opposition to the executor's final account.

Article 986 of the Code of Practice provides a remedy to creditors having unliquidated claims against a succession and to creditors having liquidated demands which have not been acknowledged by the curator of the estate. That article reads as follows:

"986. *If the claim be not liquidated, or if the curator or testamentary executor or administrator have any objection to it,* and consequently refuse to approve it, the bearer of the evidence of such claim, whatever may be its amount, *may bring his action against the curator or administrator in the ordinary manner,* before the court of probate where the succession was opened, *or before the district court, according to the amount involved, and may obtain judgment in the same manner as in other cases."* (Italics ours)

The language of the enactment is clear and unambiguous. It grants to creditors having unliquidated or unacknowledged claims the right to proceed against the curator of the estate in the ordinary manner either before the court of probate where the succession was opened or before the district court according to the amount involved. The question to be answered is: Does the article provide for the exclusive procedure by which an unliquidated claim may be litigated and is it permissible to present such claim by way of opposition to an executor's account?

Counsel for the opponents maintain that Article 986, properly interpreted, merely grants to the holder of an unliquidated claim the remedy of bringing a direct action against the executor and does not exclude to him the privilege of proceeding by way of opposition to the executor's final account.

We do not agree with counsels' interpretation of the phraseology of the article. The only remedy provided for is an action against the curator of the succession which must be brought in the ordinary manner. No authority is given for the filing of a summary proceeding by way of opposition to the curator's account and there is nothing contained in the kindred articles of the Code of Practice (983, 984, 985 and 987) or in the applicable articles of the Civil Code (1182 and 1185) which would indicate an intention on the part of the lawmakers to permit the holder of an unliquidated claim to proceed either by rule against the curator or by opposition to his account. Nor can counsel obtain any comfort by the interpretation placed by them upon the words "may bring his action against the curator", etc., as being merely a permission to resort to a direct action. The use of the word "may" refers solely to the choice of the court in which the creditor may elect to bring his suit. In other words, the creditor may file his action either in the probate court or in the district court but in any event he is required to proceed "in the ordinary manner" (petition and citation) and cannot have his claim passed upon summarily. It is also apt to observe that the choice of proceeding either in the probate court or in the district court has been for many years unavailable to creditors having unliquidated demands against a succession. In 1879 the probate or parish courts were abolished by the State Constitution. Since that time the creditor must proceed in the usual manner in the court having original jurisdiction of his claim. This is recognized by Professor Henry G. McMahon in his recent work on Louisiana Practice. In his discussion of Article 986 of the Code of Practice, the author has correctly deleted therefrom the portion of the article which reads: "before the court of probate where the succession was opened, or before the district court, according to the amount involved", because of the abolition of a separate court of probate by the Constitution of 1879. See McMahon's Louisiana Practice, volume 2, page 1604.

Counsel for the opponents have been unable to point to any article of either the Code of Practice or of the Revised Civil Code which authorizes a creditor, holding an unliquidated demand against a succession, to proceed by way of opposition to the executor's account. Notwithstanding this, counsel tell us that this mode of procedure has been sanctioned on many occasions by the Supreme Court and that it is well established that such a claim may be presented in the manner attempted here. The cases relied upon by them in support of their argument are: Pargoud v. Griffing's Administrator, 10 La. 356, Succession of Bozant, 5 La.Ann. 709, Succession of McCalop, 10 La.Ann. 224, Pickett v. Gilmer, 32 La.Ann. 991, Succession of Andrus, 187 La. 931, 175 So. 624, Succession of Tacon, 186 La. 418, 172 So. 513, and Succession of Leppelman, 30 La.Ann. 468.

We have made a careful study of the foregoing matters and fail to discern that they sustain the proposition contended for

270

by counsel. It should be noted, however, that, in three of the cases, viz: Pargoud v. Griffing's Administrator, Succession of Bozant, and Succession of McCalop, the Supreme Court has recognized the right of a creditor, holding an unacknowledged liquidated claim, to proceed by way of opposition to the executor's account. To that extent, it may be said that the remedy afforded by Art. 986 of the Code of Practice has been broadened by the jurisprudence. Be that as it may, there has been no case directed to our attention wherein the Supreme Court has gone so far as to declare that the holder of an unliquidated claim may proceed against the executor summarily. A brief analysis of the cases cited by the opponents is pertinent to the discussion.

In Succession of Bozant, the executor assented to the procedure by way of opposition. One of the heirs of the estate objected and the court held that such heir was without interest in opposing the form of the proceeding.

In Pargoud v. Griffing's Administrator, the opposition was for the recovery on a promissory note and for the balance due on an account. Both debts were liquidated. The court held that the procedure by opposition to the administrator's account was proper and that, since the administrator had pleaded a general denial and did not object to the form in which the demand was made until afterwards, he had waived his right to question the procedure adopted.

In the Andrus, Tacon and Leppelman cases, the oppositions were by surviving spouses claiming the marital fourth. The court maintained the procedure declaring that a claim for the marital fourth was an exception to the general rule prescribed in Article 986 of the Code of Practice.

In the Succession of McCalop, the creditors' claims were liquidated. One of these demands had been reduced to judgment rendered by the Supreme Court in the sum of $12,122.74 and the other was upon a promissory note. The court sustained the procedure by way of opposition on the authority of Pargoud v. Griffing's Administrator and Succession of Bozant.

The case of Pickett v. Gilmer is not authority for the opponents' contention. On the contrary, the court, after citing Articles 985 and 986 of the Code of Practice, observed: "These articles, properly construed, seem to confine the authority of an administrator or executor touching the acknowledgment or acceptance of claims against successions to such as are liquidated, and to require all others unliquidated to be established by proof—and several decisions of this Court favor such a construction (Anderson's Adm'r v. Birdsall's Adm'x) 19 La. 441; (Succession of Jacobs) 5 Rob. 270."

On the other hand, we find that the Supreme Court has specifically held that the only remedy afforded to a creditor holding an unliquidated claim against a succession is by a direct action against the executor or the administrator. See Succession of Winn, 30 La.Ann. 702, Succession of Jacobs, 5 Rob. 270, Succession of Sanchez, 41 La.Ann. 504, 6 So. 791, and Succession of Blancand, 48 La.Ann. 578, 19 So. 683. In the Succession of Winn, the court said: "If the plaintiffs are creditors at all their claims are not liquidated or acknowledged as required by article 985 of the Code of Practice. The executor refuses to recognize or approve them, and, on the contrary, denies their existence. Their only right then is to sue to obtain judgment as in other cases. C.P. 986. It is only such creditor as has obtained either that legal acknowledgment or judgment recognizing his debt who has the right to submit his claim to the judge or probates that it may be ranked among the acknowledged debts of the succession, C.P. 985, who can obtain its payment according to article 987 C.P., or provoke the sale of property to pay debts under article 990 of the Code of Practice."

It will therefore be seen that, while the Supreme Court has countenanced the filing of an opposition to an executor's account by a creditor having a liquidated claim, it has never given its approval to such procedure by the holder of an unliquidated demand. In fact, in the comparatively recent case of Succession of Ott, 182 La. 850, 162 So. 642, the court declined to decide whether a creditor having an unliquidated claim could proceed by way of opposition on the ground that the determination of that question was unnecessary to the problem presented in the case. We believe that there is no valid reason to be advanced for extending the remedy afforded by Article 986 of the Code of Practice so as to permit a creditor holding an unliquidated claim to use the summary processes of the court for having his demand recognized and liquidated when the

same result can be accomplished by employing the usual process of a direct action.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.