SAMUEL, Judge.
This matter involves an appeal by the paternal grandparents of a juvenile, Trina T. Johnson, from a judgment of the Juvenile Court for the Parish of Orleans ordering the child returned by them to her natural mother, Sheila Johnson Carter. Before us is a motion by the grandparents to have their appeal made suspensive in accordance with RS 13:1591 and a motion by the mother to dismiss the grandparents’ appeal. Because we hold the appeal must be dismissed, a consideration of the other motion is unnecessary.
The case has a long history. However, it suffices to say the heart of the matter is a dispute between Trina’s paternal grandparents and her natural mother over her physical custody. The trial court originally awarded custody to the mother. From that judgment the grandparents appealed to this court. We annulled the judgment and remanded for a full evidentiary hearing with regard to the circumstances of the child before the trial court made an award of custody.[1]
Following that mandate and a hearing, on April 23, 1974 the trial judge again or *618 dered the child returned to her mother. The grandparents then applied to this court for writs from that judgment. On April 24, 1974, pending a determination of the grandparents’ application for writs, we ordered the trial judge to stay the execution of the judgment until our further order. The next day, April 25, 1974, we ordered the judge to transmit to us the record of the hearing held by him on April 23, 1974 to determine whether he had in fact conducted an evidentiary hearing in accordance with the views expressed in this court’s opinion in the prior appeal. In connection with the April 25 order, we also ordered all proceedings in this matter stayed pending our further orders. On July 1, 1974, after reviewing the record, we concluded an evidentiary hearing had been held in compliance with our mandate in the previous appeal, and the grandparents’ application for writs was refused. On the same day, July 1, 1974, we also ordered all proceedings stayed for an additional period of time not to exceed 30 days for the purpose of allowing relators an opportunity to apply for writs to the Supreme Court of Louisiana.[2]
On July 31, 1974 the Supreme Court issued its stay order in response to the grandparents’ application to that court. The Supreme Court order simply stayed the execution of the judgment and did not stay all further proceedings as did this court’s orders of April 25 and July 1, 1974. On August 28, 1974 the Supreme Court refused relators’ application for writs and recalled its stay order. On September 4, 1974 relators filed their motion for appeal to this court and the trial judge signed the order of appeal on that date.
The motion to dismiss is based on LSA-R.S. 13:1591, which provides an appeal from a final judgment of a juvenile court (except in adoption proceedings) must be taken within 15 days after the judgment is signed. Mover contends the appeal time of 15 days began to run on April 24, 1974, the day after the trial court signed the judgment awarding her custody of the child, that time had passed when appellants filed their motion for appeal on September 4, 1974, and therefore this court is without jurisdiction to hear the appeal. In response to this contention, the grandparents argue proceedings were stayed continuously from April 24, 1974 (when this court issued its original order) to August 28, 1974 (when the Supreme Court refused writs), thus the 15 day delay provided in R.S. 13:1591 did not begin to run itntil August 29, 1974, and their motion for appeal on September 4, 1974 was filed timely.
The issue presented by the motion to dismiss is whether the stay orders issued in connection with the applications for supervisory writs had the effect of extending the 15 day time limit for taking an appeal from the judgment of the juvenile court.
Our jurisprudence is to the effect that, with one possible exception, the delay within which to file and perfect an appeal ordinarily is not suspended or interrupted by the filing or pendency of an unsuccessful application for supervisory writs; [3] and that the statutory time for perfecting an appeal cannot be extended by a district or appellate court because the time for appeal is a matter of legislative prerogative which cannot be impinged upon by the courts.[4]
This rule has been relaxed only when relief through ordinary appellate processes has been timely sought but refused or oppressively conditioned by the trial judge. In such a case, the relator’s right to per- *619 feet his appeal after the delay otherwise applicable has been held preserved through a successful application for a supervisory writ to review the trial court’s action.[5] This variation is not a true exception to the general rule because a motion for appeal has been filed, and the trial court has either wrongfully refused to sign it or placed unreasonable conditions on the appeal. The variation has no application in a case such as the one before us where there was no motion for appeal filed within the time limit prescribed by statute.[6]
However, we feel compelled to discuss whether appellants were deprived of an opportunity to file an appeal, or mislead into believing they were so deprived, by two of the stay orders issued by this court. Our initial order, on April 24, 1974, merely stayed the execution of the lower court’s judgment. But this court’s order of April 25, 1974 stayed all proceedings until further orders of the court, and our order of July 1, 1974 (issued on the date we refused writs) also stayed all proceedings for a period of time not in excess of 30 days for the purpose of allowing relators an opportunity to apply for writs to the Supreme Court. Hence, it might be argued that from April 25, 1974 until July 31, 1974, when the Supreme Court issued another stay order, it was legally impossible for appellants to file a motion for appeal.
We are satisfied the simple answer to this argument is found in the stay order issued by the Supreme Court. That stay order, dated July 31, 1974 (the date on which our last stay order expired), only stayed the execution of the judgment and did not stay all, or any, other proceedings. The Supreme Court’s stay of execution of the judgment was in effect from July 31 through August 28, 1974, a period of almost double the 15 day appeal time. Thus, even assuming arguendo that the last two stay orders issued by this court prevented appellants from filing a motion for appeal, that period following the expiration of our last stay order and during which the matter was before the Supreme Court afforded appellants ample time, in excess of 15 days to take and perfect an appeal from the juvenile court’s judgment. During that period there was no impediment to appellants’ taking the necessary action to preserve their right to an appeal and it cannot be successfully argued that the broad language of the stay of all proceedings issued by this court made impossible the taking of an appeal after the expiration of our stay orders. Since the proper filing and perfecting of an appeal must be met for jurisdiction of this court to attach,[7] the appeal taken herein by the grandparents must be dismissed.
For the reasons assigned, the appeal taken herein by John and Elvira Johnson is dismissed.
Appeal dismissed.

. State In Interest of Johnson, La.App., 283 So.2d 333.

. This action was made necessary because the attorney for relators would be in military reserve camp for two weeks and we wished to avoid any unnecessary change of custody pending a final judicial determination.

. Warren v. Malvina Realty Co., 178 La. 495, 151 So. 906; Jay v. United Packinghouse Workers of America, La.App., 34 So.2d 526.

.Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201; Hawkins v. Shropshire, La.App., 275 So.2d 821; Ball v. Serpas, La.App., 248 So.2d 335; Thomas v. Reliance Insurance Company, La.App., 215 So.2d 515; Britt v. Brocato, La.App., 170 So.2d 516; Wulff v. Mayer, La.App., 144 So.2d 246.

. Ready v. City of New Orleans, 27 La.Ann. 169; Succession of Jacobs, 5 Rob. 270.

. For the sake of completeness, it should be noted that in the case of In Re Diaz, 211 La. 1015, 31 So.2d 195, the Supreme Court held that neither the Code of Criminal Procedure nor the Code of Practice pertains to appeals in juvenile matters, which are sui generis. The court held appeals from judgment of a juvenile court involving the status of a minor may be taken at any time since there was no statutory time limit provided for appealing from final judgments of juvenile courts. Since that decision in 1947, the Louisiana legislature, by Act 714 of 1972 (R.S. 13:1591), has provided the 15 day period for appealing.

.Hawkins v. Shropshire, supra, footnote 8; Geisenheimer Realty Co. v. Board of Commissioners, La.App., 204 So.2d 628.