MORIAL, Judge.
A petition was filed by the State of Louisiana in the interest of Marcy Lynn Pierce, a minor, seeking to have the child declared abandoned pursuant to LSA-R.S. 9:403. After a hearing, the trial judge found the child to have been abandoned by her mother, Mrs. Jo Ann Carline Pierce, a/k/a Jo Ann Harden, and decreed that Marcy Lynn Pierce no longer subject to her parental authority. Plaintiff appeals from the judgment.
Marcy Lynn Pierce was born on January 11, 1972 during the marriage between Jo Ann Carline Pierce and Gary Pierce. The child’s parents were subsequently separated and divorced. Mrs. Pierce has since remarried. The paternal grandparents were granted temporary custody of the child on June 6, 1973 by the Juvenile Court for the Parish of Jefferson. Subsequently, the Twenty-Fourth Judicial District Court awarded the custody of the child to the mother on June 20, 1975 on the condition that the child would not be removed from the jurisdiction of the court. However, sometime in June or July the respondent left the state with her child and went to Georgia. The grandparents and father became aware of the child’s absence and informed the Juvenile Court. The Court issued a warrant for the child in August 1975. The respondent was arrested in Val-dosta, Georgia on' November 27, 1975 for issuing a worthless check. The child was placed in a foster home by the Georgia Welfare Department and the mother believed Marcy Lynn would remain there until her release from jail. The paternal grandparents, Mr. and Mrs. Nolan Pierce and the child’s father were informed of the child’s whereabouts and went to Georgia to pick her up on December 4,1975. The child was returned to Jefferson Parish and her father obtained permanent custody of the child on February 24,1976. On May 5,1976 the affidavit of abandonment was filed in the Juvenile Court for the Parish of Jefferson. A curator ad hoc was appointed to represent the absent respondent. The curator filed a general denial and also filed a motion for a continuance informing the court that he had located Mrs. Jo Ann Harden in Bloomington, Indiana and that she had advised him that she lacked the funds to be present in Jefferson Parish for the July 19, 1976 hearing. In her correspondence to the curator, Mrs. Harden stated that she would be able to be present in Louisiana on September 1, 1976 and requested that the hearing be continued until on or after that date. The Juvenile Court denied the motion for continuance on June 16, 1976 and the hearing was held on July 19, 1976. At the conclusion of the hearing the judge told the curator ad hoc that he *381 was declaring the child abandoned and instructed him to write the respondent and inform her that she had thirty days from the date of the judgment within which to appeal. The curator wrote a letter dated July 22, 1976 notifying Mrs. Harden of the judgment and advising her to appeal within thirty days. Mrs. Harden sent a letter to the court dated July 24, 1976 advising the court of her desire to take an appeal. The trial judge refused to accept the letter as a formal notice of appeal on July 30, 1976. However, on August 18, 1976 a Judge Ad Hoc recognized the letter as a valid notice of appeal and granted the same. A formal petition for appeal was filed by the Loyola Law Clinic on Mrs. Harden’s behalf on August 18, 1976.
There are three issues presented to the court on appeal: (1) whether or not the appeal was timely perfected; (2) whether or not the trial court abused its discretion in failing to grant a continuance and (3) whether or not the record supports the finding of abandonment by the trial court.
A brief was filed on behalf of the paternal grandparents, Helen and Nolan Pierce. The Pierces argue that under LSA-R.S. 13:1591 appeals from a final judgment of a juvenile court must be taken within fifteen days of the judgment and that respondent failed to file a legally sufficient appeal during this period.
We must disagree with appellee’s contention. We recognize the general rule that an appeal must be filed and perfected within the statutorily fixed period of time and the period may not be extended by the trial or appellate courts. State in Interest of Johnson v. Johnson, 303 So.2d 617 (La. App. 4 Cir. 1974). However, exceptions have been made in certain cases where a motion for appeal has been timely filed and the trial court erroneously refused to grant the appeal. Graves v. Kaiser Aluminum and Chemical Corp., 319 So.2d 323 (La. 1975). Succession of Jacobs, 5 Rob. 270 (1843).
We think that this case falls within the exception to the rule and conclude that the letter sent by Mrs. Harden within fifteen days of the judgment constituted a valid appeal. Our decision is influenced by the fact that the letter of Mrs. Harden, a lay person, apparently was in response to a letter of the curator written upon instructions from the court, and even more so by the fact that in the absence of this appeal the effect of the judgment of abandonment is definitive and irreversible.
Because of our conclusion on the merits, we need not decide whether the trial court abused its discretion in failing to grant respondent a continuance until September 1, 1976.
We conclude that the child was not abandoned within R.S. 9:403A because the conditions of the statute were not present. R.S. 9:403A requires that the child have been “deserted for a period of at least four months by his parent and the whereabouts of his parent are unknown and the parent has made no provision for the child’s care . .” All that is shown is that the mother was imprisoned on November 27, 1975, at which time the child went to the Georgia Welfare Department, whence the father recovered her December 4 (obtaining legal custody February 24,1976). The child was never deserted. (We need not decide whether it was proved that the mother’s whereabouts were unknown, or whether— knowing that the father and his parents had taken the child—the mother had made no provision for the child’s care.)
For the foregoing reasons the judgment of the trial court is reversed and the petition to decree the child abandoned is dismissed.

REVERSED.