NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-423

IN RE: THE INTERDICTION OF

WILLARD D. HAMILTON, JR.

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 51692
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

PHYLLIS M. KEATY

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

MOTION GRANTED. APPEAL DISMISSED.

William A. Yarbrough
Attorney At Law
109 Carter St.
Vidalia, LA 71373
(318) 715-3006
COUNSEL FOR APPELLANT:
    Willard D. Hamilton, Jr.

**Christie C. Wood**
**Wilson & Wilson**
**Post Office Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**COUNSEL FOR APPELLEE:**
     **Rosemary Hamilton Sweeney**

**KEATY, Judge.**

Appellee, Ms. Rosemary Sweeney, moves to dismiss the appeal filed by appellant, Willard D. Hamilton, Jr., as untimely filed. For the reasons assigned, we grant the motion and dismiss the appeal.

The judgment of interdiction which has been appealed in this case was signed by the trial court on January 30, 2019. Notice of judgment was mailed that same day. Appellant filed his motion and order for appeal on March 15, 2019.

Louisiana Code of Civil Procedure Article 4555 provides, in pertinent part, "An appeal from a judgment of interdiction . . . shall be taken within thirty days from the applicable date provided by Article 2087." In this case, no motion for new trial was filed, and the delays for filing a motion for new trial expired on February 8, 2019. La.Code Civ.P. art. 1974. Therefore, the delay for filing a motion for appeal expired on March 11, 2019.[1]

This court has stated:

> [T]he defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the appellant court has the authority to extend this delay. *Hawkins v. Shropshire,* 275 So.2d 821 (La.App. 4 Cir.1973). This rule has been uniformly applied, even to a judgment arising in the context of a juvenile matter. *State in Interest of Johnson v. Johnson,* 303 So.2d 617 (La.App. 4 Cir.1974) (wherein the appellate court held that the appeal was untimely even though the appellants argued that they had been mislead into not filing a timely appeal by the stay orders granted by the appellate courts).

*State ex rel. E.A.,* 02-996, pp. 3-4 (La.App. 3 Cir. 10/2/02), 827 So.2d 594, 596.

Accordingly, we hereby dismiss the appeal in this matter at appellant's cost.

**MOTION GRANTED. APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

---

[1] Thirty days from February 8, 2019, was March 10, 2019, which is a Sunday. Therefore, the delay for seeking the appeal expired on the next business day, Monday, March 11, 2019. La.Code Civ.P. art. 5059.