## No. 1162.

HELEN STAFFORD AND CURATOR AD LITEM VS. SUCCESSION OF W. S. McINTOSH.

A creditor who has an unliquidated and unacknowledged demand against a succession is not bound to procure the rendition and effect the liquidation of his claim and its recognition and enforcement by an opposition to the account, but may proceed at once by an independent and direct action for that purpose.

APPEAL from the Twenty-seventh District Court, Parish of Richland. *Ellis, J.*, to whom the case was referred.

*David Todd* for Plaintiff and Appellant:

Where the administrator has filed his tableau and account, any creditor not recognized therein has a right to sue the succession that owes him and have his claim recognized by judgment. 10 Ann. 224; 3 Ann. 407; 5 R. 270; C. P. 984-6; 19 L. 441; 7 Ann. 367; 5 Ann. 709; 23 Ann. 102; 28 Ann. 322; 2 N. S. 659; 5 N. S. 218; 6 N. S. 450; 1st Rob. 389-404; 3 R. 264; 9 Ann. 500.

Such creditor has also the alternative right to oppose such tableau until his rights and claim are recognized and placed on such tableau. C. C. 1180; 8 Ann. 451; 10 Ann. 224; 10 L. 358; 18 L. 264-583; 23 Ann. 528; 12 Ann. 517.

*E. C. Montgomery* and *Boatner & Boatner* on the same side.

*Wells & Toler* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The plaintiff is the only issue of the marriage of J. J. C. and Margaret A. Stafford, who both died in the parish of Richland— Mrs. Stafford in 1872, and Mr. Stafford in 1876.

Shortly after the death of plaintiff's father, Wm. S. McIntosh was appointed her tutor, and about the same time administrator of the suc-

-cession of Mrs. Stafford. As administrator and tutor he received the property of the succession, and besides that of the minor valued at about $35,000. Part of this he caused to be sold and received the pro-ceeds. He collected the rents and revenues, and thus many thousand dollars went into his hands. McIntosh continued in the control and possession of these estates till 1883, when he died. He died without filing any account of his administration, though he left an account of his tutorship never homologated. Shortly after the death of McIntosh, David T. Chapman was appointed and qualified as administrator of his -succession. Not long after his appointment, he filed a provisional account and tableau of debts of McIntosh's succession. This account completely ignored the debt owing by McIntosh to the plaintiff.

Thereupon the plaintiff, having been emancipated, brought the present suit, in which she set forth in her petition at length and with great clearness, the indebtedness of McIntosh to her and the specific causes of that indebtedness; that he had gone into possession of all her property, received the fruits of it, had sold part of it and collected the pro-ceeds, and had never paid over to her or her representatives anything, nor filed any account.

The action was brought and the petition formulated to comply pre-cisely with the letter and with the provisions of art. 986 of the C. P., as will be seen from a perusal of it. It reads as follows:

" If the claim (claim in favor of a succession) be not liquidated, or if the curator or testamentary executor or administrator have any objection to it, and consequently refuse to approve it, the. bearer of the evidence of such claim may bring his action against the curator or administrator in the ordinary manner before the court of probate where the succes-sion was opened, or before the district court, according to the amount involved, and obtain judgment in the same manner as in other cases."

The suit was, however, dismissed on an exception of no cause of action. There are certain words qualifying the judgment that may throw some light on the reasons of the judge for his ruling—the judge giving no reasons, at least in writing, in support of the same, and the defendant making no appearance in this Court whatever.

The judgment reads thus: "In this case the exception was overruled as to opposition in plaintiff's petition to account of W. S. McIntosh, tutor to the minor, Helen Stafford, and overruled as to opposition to account of D. T. Chapman, administrator of the succession of W. S. McIntosh, and sustained as to the demand of the plaintiff against D. J. Chapman, administrator."

One cannot read the petition without being convinced that plaintiff's

sole object in bringing this suit was to liquidate the debt of the McIntosh succession to the Stafford succession. The suit may have intended to accomplish effectually what the judge *a quo* supposed, perhaps, could only have been done by oppositions to the accounts mentioned. But we find no word of opposition to the accounts in the petition, and no mention of the existence of said accounts except by way of recital. The fact was alleged in the petition that Chapman, in his account, had ignored entirely the claims of petitioner against the succession of McIntosh, and the administrator was asked to be cited, and was cited, and judgment prayed for against the McIntosh succession for the sums therein mentioned, amounting to some thirty thousand dollars.

We regard the petition as inaugurating an independent suit for the sole purpose of determining the indebtedness. It may be from the fact that it was asked that these accounts be not homologated until the plaintiff's claim could be liquidated by means of this suit, that it might have been contemplated by the plaintiff after her claim was liquidated that then she might, if to her advantage, compel the administrator, Chapman, to recognize the claim and place it among the debts of the succession. But the first thing to be done by the plaintiff was to have her claim liquidated, and that she was proceeding to do by her suit when it was improperly dismissed.

It might be inferred from the language of this decree that the judge was of opinion that it was the duty of Chapman, as the legal representative of W. S. McIntosh, administrator, to have filed the account of administration of the Stafford succession that McIntosh had failed to file. If so it was error, for it was not incumbent upon him to file such account, and he could not have been compelled to do it. He had nothing to do with Mrs. Stafford's succession. 1st Rob. 404; 12 Ann. 717.

We are not to be understood as meaning that settlements of the kind involved in this suit may not be effected by means of opposition, but however that may be, the law reserves to parties a special action to accomplish this purpose. And in this case it was not only legal but there was a marked propriety in resorting to this separate and independent suit. As stated, Chapman was doubtless an entire stranger to all the transactions between McIntosh and the Stafford succession and those also relating to the tutorship of the plaintiff. In all probability it would have been utterly impossible for Chapman to have prepared anything like an accurate or correct account of McIntosh's gestion with those estates. Therefore, the mode of proceeding adopted was highly favorable to the McIntosh succession, inasmuch as its administrator was accurately and explicitly informed of all the causes out of which

it was charged that McIntosh's liability grew out of, and of all the facts surrounding the whole affair, whereby Chapman, administrator, was afforded the amplest opportunity for investigating and resisting, if he chose, the matters urged against him.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed: and proceeding to render such judgment as should have been rendered, it is further ordered, adjudged and decreed that the exception of no cause of action be and the same is hereby overruled and the cause remanded and reinstated in its entirety, to be proceeded with according to law, at the costs of the defendant in both courts.