## No. 10,313.

### SUCCESSION OF AMELIA SANCHEZ.

A creditor holding an unliquidated claim for property not included in the inventory, against a succession under administration, must bring a direct action for the possession, or value thereof, in due course of such administration. Such a proceeding cannot be engrafted upon, or liquidated, by way of an opposition to a final account.

APPEAL from the Seventeenth District Court.
Burgess, J.

Thos. B. Dupree, for the Administrator, Appellee.

G. A. Moore and Rouse & Grant contra.

The opinion of the Court was delivered by

WATKINS, J. E. C. Gillingham resided at his death in Madison parish, and Henry Schorten was duly appointed administrator of his succession in November, 1885.

His surviving spouse, Amelia, née Baron, removed to East Baton Rouge, and carried with her the children of the marriage, all of whom were minors, and established her domicile there. She subsequently married William Sanchez and thereafter died, leaving a small estate, consisting in part of separate property and in part of her share in the new community. Jacob Baron was duly appointed and qualified as the dative tutor for the Gillingham minors, and in that capacity administered the Sanchez succession, and filed a final account, which is the

subject of the opposition of Schorten, administrator of Gillingham's succession.

His claim is, substantially, that one-half of the $900, which is carried on the final account, is an asset of the Gillingham community, and should be surrendered to him. That Mrs. Gillingham (Sanchez) took possession of, and converted to her own use, property and cash belonging to her husband's succession, to the amount of $3000, for which Baron, administrator, should account. That the original and supplemental inventories show the total appraisement of property which came into his hands to have been $2966 70, of which said administrator has only accounted for $1659 14, and that he should be compelled to render an account of the surplus.

Further, that he should be required to account for the property and money he recovered in the suit of Jacob Baron, tutor, vs. Sanchez.

It will be observed that no complaint is made of any item of credit carried on the account.

In an amended and supplemental opposition, claim is made for the whole of the different items, one-half only of which was demanded in his original opposition, alleging that the recovery thereof into the succession was necessary for the payment of its debts, and that of the first community, and that the Sanchez succession was only entitled to the residue after the payment of debts.

To this opposition the administrator filed a peremptory exception to the effect that opponent has mistaken his remedy and that his petition discloses no cause of action. Other grounds were assigned, which need no mention. These exceptions were properly referred to the merits, because an opposition to an administrator's account is in the nature of an answer, and to which exceptions are inadmissible. All objections, of either law or fact, are raised on the face of the papers, in favor of the accountant. 11 Ann. 386, 671.

After hearing the evidence, the judge *a quo* dismissed the opposition homologated the account, holding that, as there was no opposition to the payment of any debt named in the account, and the opponent having failed to make out his case "in the form of action of opposition to the account," the opposition is disallowed. But the judgment charged the tutor with the amount of $2618 76, in lieu of $1659 14, with which he had debited himself in his account, and approved all the items of credit he claimed. It appears that, after paying all debts, there still remains a cash surplus of $297 09, and real estate valued at $875, unsold.

We think the judgment appealed from is correct, under this statement

of facts. *This* opposition is but a *suit* for the revendication of property against the Sanchez succession, and opponent's only complaint against the administrator's account is that his demand has not been recognized by the account. It was the duty of opponent to have instituted suit, seasonably, against the Sanchez succession, for the property he demands, if same had been demanded and refused, and to have requested a stay of further proceedings on the account, *pendente lite*, until judgment was pronounced thereon. C. P. 984, 985, 986; Dubuch vs. Wildermuth, Adm., 3 Ann. 408; Succession of William Porter, 5 R. 98; Succession of McCarty, 5 Ann. 434; Hen. Dig. p. 1513, B. 1 and authorities.

Judgment affirmed.

## ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J. Construing the opposition as a suit in revendication, we think under the authority of Cathey vs. Kerr, administrator, 15 Ann. 228, that the proceeding ought to have been not by opposition, but by a direct suit, the more so, as the succession of Sanchez is not under a regular administration, but under the administration of a tutor, who, after his administration as such shall have terminated, will remain in possession of the property.

Rehearing refused.