## No. 10,989.

SUCCESSION OF HOWARD MCKNIGHT.   OPPOSITION OF MRS. CORA
E. P. CALHOUN, EXECUTRIX.

The administrator of the succession of a deceased administrator filed his final account. It was opposed on the ground that the deceased administrator's succession was liable for the loss of certain real estate belonging to the former succession, which he had allowed, through his negligence, to be sold for taxes. The value of the property was $1276.

Held, that the opposition was a separate cause of action, an unliquidated claim presented against the last succession, which could have been urged in a direct action, and the jurisdiction of the Supreme Court must be determined by the amount involved, and not by the amount to be distributed in the succession account offered.

There was no amount to be distributed which was involved in the opposition to the account.

APPEAL from the Twelfth District Court for the Parish of Grant.   *Coco, J.*

*R. J. Bowman* for the Administrator, Appellee.

*Hunter & Hunter contra.*

The opinion of the court was delivered by

MCENERY, J.   Howard McKnight was the administrator of the succession of Meredith Calhoun.

He died, and his widow, Elizabeth McKnight, administered his succession.

She filed a final account of her administration.   W. S. Calhoun, son of Meredith Calhoun, opposed the final account, the basis of the opposition being the indebtedness of said succession to him, on account of the administration of his father's succession by Howard

McKnight. He died, and Mrs. Cora E. P. Calhoun, widow and executrix, made herself a party to said opposition. She abandoned all the grounds alleged in the opposition except one. There was no item on the account objected to, and there was no attempt made to disturb the distribution of the funds as proposed in the final account.

The ground retained and urged in the opposition is that Howard McKnight, administrator of the succession of Meredith Calhoun, through his fault and negligence allowed certain real estate to be sold in the parish of Rapides for taxes. The real estate thus sold was inventoried at $1276.

There is no sum to be distributed in the succession of McKnight that is involved in this litigation. The opposition is only the statement of a cause of action against the deceased administrator's succession, for illegal or wrongful acts while administrator of the succession of Meredith Calhoun. It is a matter which can be urged in a direct action. Succession of Sanchez, 41 An. 663; Succession of Scott, 41 An. 504; Succession of Pickett, 41 An. 881.

As it is an unliquidated claim against the succession of McKnight for maladministration of the succession of Meredith Calhoun by the deceased administrator, and presented by way of opposition instead of by direct action for recognition, the test of our jurisdiction is the specific sum demanded. The amount is below the lower limit of our jurisdiction.

The appeal is therefore dismissed.