No. 11,157.

JOHN CALDER & CO. AND DAVID R. CALDER, INDIVIDUALLY,. VS. THEIR CREDITORS.

When the complaint is that the surviving member of a commercial partnership has, unauthorizedly, surrendered, along with his own interest in its assets, the interest of a deceased member of the firm, which had *previously* passed under a separate administration, *held:* It is the correct course to pursue for the alleged legal representative of the said decedent to institute a direct action against the syndic of the insolvent for the restitution of the property, and not for the revocation of the latter's letter of appointment, and the judge's order of acceptance of his surrender.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*Frank L. Richardson* and *Suthon & Suthon* for the Executors, Appellants:

An insolvent can not surrender to his creditors property which belonged to a succession of which he was co-executor. 9 R. 372.

A surviving partner can not surrender in insolvency the individual property of his deceased partner, and on the application of the executors of the deceased partner this property should be struck from the schedule. Bird vs. Jones, 5 An. 645.

A surviving partner can not surrender the property belonging to the firm dissolved by the death of his copartner.

If he could, he can not do so for debts created since the dissolution. 15 An. 19; C. C 2174, 2180, 2183; 39 An. 362.

A partner, after the death of his copartner, can not lawfully continue business in the name of the dissolved firm, and if he does so he will only be individually liable for the debts, whether created by him individually or in the firm name, and in case of his insolvency he can not surrender his deceased partner's property, and the deceased's interest in the assets of the late firm. Harris vs. Walker, 9 R. 151; McGavan vs. Gwin, 15 An. 637; McKee vs. Griffin, 23 An. 419; 4 M. N. S. 207.

A petition setting forth these facts and praying that this property so illegally attempted to be surrendered discloses a cause of action. Weymouth vs. Roselius, 36 An. 527.

On the trial of an exception of no cause of action, it is only the allegations of the petition that should be considered, not records of other proceedings which could not have been and were not offered in evidence. Jeffries vs. Iron Works, 15 An. 91.

Real estate can not form an asset of a commercial business. 44 An. 53; 35 An. 846.

---

*Horace E. Upton* and *Henry L. Lazarus* for the Syndics, Appellees:

1. A surviving partner, bound by the articles to liquidate the concern within six months after the dissolution of the partnership by death, and who has no rights after the expiration of that term to prolong the liquidation, is liable for the value of all the assets at the termination of the delay, when they can not be returned *in integrum*.

   The succession of a deceased partner is entitled to recover, after deducting the liabilities from the assets, the share to which the deceased is, by the articles of partnership, authorized to claim in the residue, with legal interest from the expiration of the delay allowed for the liquidation of the concern. Klotz vs. Macready et als., 39 An. 538.

2. The surviving partner of a commercial firm is not liable. as liquidator, to account to the succession of his deceased partner for any single item of indebtedness to the succession, but to pay over the entire sum found to be due the succession on the settlement of the partnership.

   A suit against the surviving and liquidating partner, by the succession of the deceased partner, for a settlement or a partition, must be brought in a court of ordinary jurisdiction. Walmsley & Patterson vs. Mendelsohn & Newman, 31 An. 152, and authorities cited.

3. The assumption that the representative of the deceased partner can, at his pleasure, take the ownership and possession of the partnership property from the survivor, or, as in the instant case, from the possession of the syndics, is unsustained by reason or authority. Matherson, Executor, vs. Field, 3 Rob. 47.

4. One partner can sell all the movable property of the firm to pay debts, or to get money to use for the common business of the concern. This being true, we see no strong reason why he can not make a cession of goods belonging to it, for the purpose of discharging the same debts. The Civil Code treats of the cession of property in the chapter relating to the mode of extinguishing obligations, and Article 2166 (Old Code) says that it is the relinquishment that the debtor makes of all his property to his creditors, when he finds himself unable to pay his debts; and a subsequent article provides that the syndics shall sell the property surrendered. One creditor can not permitted, through the sheriff, to sell the common pledge of all, and indirectly avoid the effect of an existing decree of the court, to-wit, an order staying all legal proceedings against the

person and property of the individual debtor, and of the firm, and of the surrender accepted by the court for the benefit of the creditors. Tyler and another vs. Their Creditors, 9 Rob. 376–77; 2 La. 188.

5. The purchase of immovables by the members of a commercial firm made with the partnership funds, for the account and use of the partnership, as shown by the books of the latter, though the title be taken in the names of the individual members, has precisely the same effect as if the title had been taken in the name of the partnership. In either case the partners become joint owners, but, as between themselves, they hold for the benefit of the firm. May et als. vs. N. O. C. R. R. Co., 44 An. 444; Allen vs. Whetstone, 35 An. 849; Thomas vs. Scott, 3 Rob. 256; Skillman vs. Purnell, 3 La. 486; Hall vs. Twigg, 7 Mart. 243.

6. The rights of the creditors of the individual partners must be subordinated to those of the creditors of the partnership. Their only recourse is on the *residuum* which may accrue to their debtor, after the full liquidation of the partnership; and it is immaterial whether the partner be one *in commendam* or a full or active partner. Sherwood vs. His Creditors, 42 An. 103, 107.

7. Partners own only *the residuum* after the debts of the partnership have been satisfied. Partnership property, whether ordinary or commercial, is liable to the creditors of the partnership, in preference to those of the individual members. The fact that some of the copartners had retired from the firm, and that one alone asked for a respite and made a surrender, does not alter the principle. Succession of Pilcher, 39 An. 362, and authorities cited; Gueringer vs. His Creditors, 33 An. 1279, and authorities cited.

The opinion of the court was delivered by

WATKINS, J. This is an action to annul and set aside an order of court appointing two provisional syndics for the insolvent estates of John Calder & Co. and of David R. Calder, individually, in so far as it affects the one-half interest of the deceased member of the co-partnership, John Calder, and also the order of the judge accepting the surrender of the interest of said John Calder in the assets of John Calder & Co., consisting of real estate described in the schedule as property of the firm.

Also to strike from the insolvent's schedule all of the real estate standing in the name of John Calder, as described in list B annexed thereto.

Also to annul the order of court accepting the surrender of *all* the property of the deceased, John Calder—reserving the rights of all parties having claims to assert against the same in the succession of the deceased.

Prayer is further made to the effect that the provisional syndics be enjoined from, in any way, interfering with petitioners, as executors of the deceased, in their possession and control of the property of his succession.

To this proceeding the syndics tendered the plea of no cause of action, and the judge a quo having sustained it and dismissed the suit, plaintiffs have appealed.

A fair summary of facts necessary to be stated is as follows, to-wit:

The commercial firm of John Calder & Co. was composed of John Calder, owning one-half interest, and of John H. Calder and D. R. Calder, each owning one-fourth interest. It was dissolved in 1884 by the death of John H. Calder; and in February, 1885, John Calder died—leaving David R. Calder as the only surviving member of the partnership. John Calder left at his demise a surviving widow and two minor children; and in his will he appointed three executors, all of whom were duly qualified. Subsequent to the death of his two partners, D. R. Calder conducted the business under the firm name, just as though no change had taken place, until business losses resulted in the cession and surrender above mentioned.

The petition accompanying the schedules purport the cession and surrender of John Calder & Co. as well as of D. R. Calder, though the names of the members of the firm are not given; and the order of acceptance of the surrender that is endorsed upon the petition, includes the property of the firm of John Calder & Co. as well as that of D. R. Calder.

The schedule of property of the insolvents includes, that of the firm; that which, though standing in the name of D. R. Calder, is that of the firm; and that of John Calder, individually.

The judge a quo maintained the exception of no cause of action, mainly on the ground, undoubtedly, that the plaintiffs had mistaken their action, or, in other words, that they should have sued the syndics for the *property* of the deceased partners, they claimed the right to control, and not for the revocation of the order accepting the cession of the partnership, because of it embracing, as they allege, property that did not legitimately compose a part of the assets of the insolvent who made the surrender.

We are of opinion that the judge a quo properly maintained the exception.

David R. Calder had undeniably the right to make a surrender of his individual share or interest in the commercial firm or partnership of which he was or had been a member. And we think it equally undeniable that he had the right to make a surrender of the partner-

ship property and effects—at least so long as it was a going concern, and all the partners living.

It is a precept of the code that " if there be a commercial partnership in which the deceased was concerned, *the surviving partner*, after the portion of the deceased in the partnership has been ascertained and the estimate of it made on the inventory, *shall have a right to require that this portion remain with his own, in order that the whole may be disposed of for the common profit in the ordinary course of trade*, and the proceeds applied, as far as is necessary, to the payment of partnership debts." R. C. C. 1138.

It is likewise a precept of the code that " partnership property is liable to the creditors of the partnership, in preference to those of the individual partner." R. C. C. 2823.

While these precepts are not actually applicable to the administration and settlement of insolvent estates *per se*, yet there is to be drawn from them a good logical reason why the assets of a partnership should be controlled and managed by the surviving member of the firm, in order that they might be the more surely applied to the payment of partnership liabilities, for which he is himself responsible; and this reason suggests, at least, the propriety of the judge's acceptance of the surrender as it was made.

There is another precept of succession law that, in our opinion, has a decided applicability, and that is the one authorizing a claimant to property in the possession of a succession representative to institute a direct action against the succession for its recovery. Dubuch vs. Wildermuth, Administrator, 3 An. 407; Succession of Porter, 5 Rob. 98; Succession of McCarthy, 5 An. 434; Carthey vs. Ker, 15 An. 228; Succession of Sanchez, 41 An. 504; Hen. Dig., p. 1513, B. 1, and authorities cited.

This principle is strictly applicable to the cession and surrender of an insolvent.

It is undoubtedly better practice to relegate the question of ownership *vel non* and all kindred questions, to a direct action in which the rights and interests of all parties concerned, as well as creditors, can be legally and finally determined.

For, if the plaintiffs should be successful in this suit, nothing could be determined but the right of the provisional syndics to exercise dominion over the property of the deceased, and the creditors of

49*

the partnership would be turned around to new proceedings, additional complications and expense.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

WATKINS, J. Considering plaintiff's petition as one containing alternative demands, *first* for the revocation of the order appointing the provisional syndics, and *second* for the recovery of certain property therein described, if this appointment is maintained, it is our opinion that, while adhering to the views expressed, our judgment should be amended so as to remand the cause to the lower court, reserving to both parties the right to alter their pleadings in respect to the claim of ownership, so as to try that issue without instituting a new suit—though a rehearing is unnecessary.

It is therefore ordered, adjudged and decreed that the judgment heretofore pronounced be so amended as to maintain the cause of action in so far as plaintiffs' claim of ownership of certain property is concerned, reserving to the parties respectively, the right to amend their pleadings; and that for this purpose the cause be remanded— the costs of appeal to be taxed against the estate of the insolvent.

Rehearing refused.