## No. 11,993.

### SUCCESSION OF FERGUS GARDERE.

A will provided for the payment of debts, and the residue of the property to go to legal heirs, who were made executors:. *Held*, that they were not legatees in the sense employed in Art. 1683, C. C., and were entitled to receive commission allowed by law.

Where the deceased was in ordinary partnership, which was dissolved by his death, the final account of the executor ought to show the condition of the partnership as to its solvency, and the eventual interest, if any, of the succession in it. All property, of whatever kind and description, must be placed on the inventory.

The final account of an administrator or executor should be a full and complete exhibit of all the affairs of the deceased, leaving nothing for inference, and there should be nothing omitted which might possibly provoke further litigation, such as the leaving off the inventory and final account, a claim which may be collected after the discharge of the executors by the heirs.

APPEAL from the Fifteenth Judicial District Court for the Parish of East Baton Rouge.   *Buckner, J.*

*Alvan E. Reed* for Executors, Appellees.

*Thomas J. Kernan* and *Samuel G. Laycock* for Opponent, Appellant.

Argued and submitted January 9, 1896.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

McENERY, J. The deceased, Fergus Gardere, left a will, appointing Stephen Chalaron, and his grandson, Ernest Coycault, executors, with seizin of all his property.   The will provided that after the payment of debts, the property was to go to his legal heirs in equal parts.   The heirs were his daughter, Marie Chalaron, and the children of his daughter, Helena Coycault; the executor, Ernest Coycault, is the son of this daughter.

During his lifetime the deceased sold one-half of his plantation to T. A. Womack, with whom he entered into a planting partnership. All the property in the inventory was sold, and the executors filed their final account.

The Bank of Baton Rouge filed an opposition to the account.   It
19

was approved and homologated. The opponent has appealed. The grounds of opposition are numerous, and the minutest detail has not escaped observation. Clerk's and sheriff's costs have been rigorously scrutinized, and items which would ordinarily be passed have been noticed and objected to. Old animals and vehicles and discarded furniture,which, it was thought, were not worth the costs of inventory and sale, have had a value affixed to them, and there is a demand that they be placed on the inventory and sold. Inappreciable as these things are they have a value, and under the Code they must go on the inventory and be accounted for, even though their disposition may occasion loss to the succession.

Attorney's fees were objected to, but they have been fixed by agreement. It is claimed that the executor, Coycault, is a legatee and not entitled to commissions. He is not, in the sense of Art. 1685 of the Code, a legatee, but only designated by the testator as the heir to whom the law would give his property, if he died intestate. He is entitled to commissions on all the property of which he had the seizin and on the inventory, making the reductions required by Art. 1683 of the Code. It is claimed that he is not entitled to a commission on the undivided half of the plantation, as the deceased had sold one-half to Womack and entered into a planting partnership with him. We understand the partnership to have been formed with reference to the cultivation of the place. The plantation was held in indivision, but the deceased's half was not a partnership asset. Figuring on the inventory as his property, the executor is entitled to the commission.

It is urged the executor Chalaron was not present in the parish of East Baton Rouge to give personal attention to the affairs of the succession. The succession attorney fully and satisfactorily shows in his testimony that the executor was not nominally such, but that he took an energetic interest in the course of the administration, and was in correspondence with the attorney and held interviews in New Orleans with him, in relation to the business affairs of the succession. He is entitled to his commission.

There was a growing crop of cane on the plantation at the death of Gardere, which amounted to some one million five hundred thousand pounds of sugar, upon which there was a claim for bounty amounting to some eight thousand dollars. It is claimed by the opponent that this crop should be accounted for by the executors and the

bounty claim inventoried.   Womack, the partner, stated in his testimony that the partnership was insolvent; that the proceeds of the sale of the crop had been applied to the payment of partnership debts, except five hundred dollars which had been devoted to the payment of an old individual debt of Gardere.   He states it as his belief that if the bounty claim were collected there would be enough to pay partnership debts in full, and there might be a small balance left.   Gardere's individual creditors, however small this balance, may be, have the undoubted right to demand that it be placed in his succession.   There ought to have been some showing by the executors of the eventual interest in the partnership, if any; and if insolvent, to show this fact.

In our opinion the claim for the bounty is a valuable asset, which we understand goes to the partnership liquidation, but the deceased's eventual interest may amount to some value.

It is probably our duty to examine the costs bill and point out wherein there has been an excessive charge.   The bills seem to be correct in the main, but fearing that we might err, we prefer to let them be more carefully scrutinized, if possible, in the remanding of this case.

The inventory should contain in it all the property of the deceased, of whatever kind or description, and the final account should be a full, complete and final exhibit of all the affairs of the deceased, leaving nothing for inference, however fair and honest the administration may have been, and there should be nothing omitted, which might possibly provoke future litigation, as the bounty item would do, if collected by the heirs after the close of the administration.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the case be remanded for the filing of an account according to the views expressed herein, and to be proceeded with in all respects according to law, the succession to pay costs.

MR. JUSTICE BREAUX took no part in this decision.