ROGERS, Justice.
 

 On the death of her husband, Albert Ott, Mrs. Magdalena Ott qualified as the administratrix of his succession. During the course of the administration, WashburnCrosby Company, Inc.,, alleging breach of contract, sued the succession for $2,966.25 as damages, citing Mrs. Magdalena Ott as the administratrix. She excepted to plaintiff’s petition, and later, after her exceptions were overruled, answered the suit, denying all liability and asking that the suit be dismissed.
 

 While the suit of Washburn-Crosby Company, Inc., was at issue but untried, Mrs. Ott filed and advertised her final account as administratrix. The account was homologated in due course, and shortly thereafter, alleging the payment of all creditors and that further administration of the succession was unnecessary, Mrs. Ott applied for and obtained her discharge and the cancellation of her bond as administratrix. This judgment was rendered on March 2, 1932, and on March 12, 1932, Washburn-Crosby Company, Inc., filed a rule in the succession of Albert Ott to vacate the judgment alleging that it was illegal and improvidently granted, pending the trial of its suit, which was still at issue. Without objecting to the form of the proceeding, the administratrix joined issue on the rule, which, after hearing the parties, was made absolute by the trial judge, who, accordingly, annulled the judgment discharging the administratrix and canceling her bond, with full reservation of the rights of Washburn-Crosby Company, Inc. From this judgment, the administratrix has appealed.
 

 The account of the administratrix completely ignored the claim of WashburnCrosby Company, Inc., and the suit brought by that company to enforce its alleged claim.
 

 As a defense to the proceeding instituted by the Washburn-Crosby Company, Inc., to vacate the judgment granting her a discharge and canceling her bond, the administratrix relies on the well-recognized rule that the public notice of a final account operates as a citation to the creditors, and that the judgment of homologation is binding on them. And she contends that, as the Washburn-Crosby Company, Inc., failed to oppose the account, it has lost its right against her as administratrix, after
 
 *853
 
 she has distributed the funds of the succession in accordance with the judgment homologating the account.
 

 We think the defense is untenable. The claim held by the Washburn-Crosby Company, Inc., was unliquidated. Before that company could assert its claim concurrently with the other creditors of the succession, it was necessary that it be liquidated; that is to say, established by proof. Code Prac. arts. 985, 986; Anderson’s Adm’r v. Birdsall’s Adm’x, 19 La. 441; Succession of Jacobs, 5 Rob. 270; Pickett v. Gilmer, 32 La. Ann. 991. Plainly, the only object of the Washburn-Crosby Company, Inc., in bringing suit against the sucsession under administration was to liquidate its claim — to establish it by proof— in order that the judgment thereon, if it obtained one, could be executed in concurso with other creditors of the succession.
 

 It may be that an unliquidated claim against a succession under administration can be liquidated on opposition to the administrator’s account. As to that we express no opinion, and it is not necessary for us to do so. But, however that may be, the law grants to parties a special action to accomplish that purpose. A creditor holding an unliquidated claim against a succession under administration may bring a direct action against the administrator to establish his claim. Code Prac. art. 986; Stafford v. Succession of McIntosh, 38 La. Ann. 664; Maxwell-Yerger Co. v. Rogan, 125 La. 1, 51 So. 48. And in this case it was highly proper for the claimant to resort to a separate and independent suit, the purpose of which was to inform the administratrix of all the facts and circumstances out of which the alleged liability of the de cujtis arose. The proceeding adopted by the Washburn-Crosby Company, Inc., was favorable to the succession. Possessed of the information disclosed by the petition, the administratrix was afforded the amplest opportunity to investigate and resist plaintiff’s demand.
 

 Since the suit of Washburn-Crosby Company, Inc., was brought and issue joined therein under the provisions of article 986 of the Code of Practice, we do not think the administratrix was in a position to ignore it in filing her account and applying for her discharge.
 

 Article 1182 of the Civil Code provides:
 

 “The curator shall include in the statement of payments or tableau of distribution the creditors whose debts are not yet liquidated, for the amount by them claimed, saving the right of retaining in his hands the sums for which they are placed on the statement or tableau, until it be determined by a final judgment what is due them.”
 

 Article 1185 of the Civil Code provides :
 

 “If no opposition be made within the time before mentioned, the judge shall grant to the curator the authorization he has requested, and the curator shall proceed immediately to pay, according to this
 
 *855
 
 authorization, all the creditors whose debts are liquidated or acknowledged.
 

 “With respect to those creditors whose debts are not liquidated, he shall retain in his hands the sums for which they have been placed upon the statement or tableau, until the amount due is settled by a definitive judgment.”
 

 And the administrators of successions are clothed with the same powers and are subject to the same duties and responsibilities as the curators of vacant estates. Civ. Code, art. 1049.
 

 Under the provisions of articles 1182 and 1185 of the Civil Code herein-above quoted, it was the clear duty of the administratrix to include in her tablead of distribution the unliquidated claim of Washburn-Crosby Company, Inc., retaining in her hands the amount of the claim, until its validity could be settled by a definitive judgment. She had been cited and served with a copy of the petition, and had joined issue in the suit brought to establish the claim, and she knew that the suit was pending and undetermined. Hence she was not justified in omitting the claim from her final account, which should be a full, complete, and final exhibit of all the affairs of the deceased. Succession of Gardere, 48 La. Ann. 289, 19 So. 134. And the Washburn-Crosby Company, Inc., cannot be precluded from pursuing its suit against the administratrix because she obtained a judgment to which she was not legally entitled. That' company was fully warranted in the belief that the administratrix would comply with the duty imposed upon her by law and would, not seek to obtain her discharge until the validity of its unliquidated claim which it was litigating with her had been settled by a definitive judgment. As to the WashburnCrosby Company, Inc., the judgment granting the administratrix a discharge and canceling her bond can have no legal effect.
 

 For the reasons assigned, the judgment appealed from is affirmed.