CHRIS T. BARNETTE, Judge pro tem.
The appellant, Emory Smith, seeks through an opposition to the final account of the executor to have the property in question declared to be community property of the marriage formerly existing between him and the decedent, Louella Ridley Smith. He also demands an accounting of the executor of rents collected and seeks to hold the executor to liability for failure to collect rents in full. He prays for judgment for one-half the amount thereof, representing the share due him as surviving spouse and owner of one-half the community property. He has appealed from a judgment sustaining an exception of no right of action and dismissing his opposition.
Emory Smith, appellant, and Louella Rid-ley, the decedent, were married in 1917. They were never divorced. Louella died March 19, 1960, leaving the property in question which she had purchased September 9, 1954.
The act of sale recited that the purchaser, Louella Smith, had “ * * * been married but once and then to EMORY SMITH, from whom she has [had] been living separate and apart for over twenty years, * * The act concluded with the following declaration:
“Louella Ridley, wife of Emory Smith, does hereby declare that this purchase is made with her separate funds under her own administration and for the benefit of her separate estate.”
The recited consideration was $4,000.00-cash, payment and receipt of which was» acknowledged by the vendor.
The decedent left a will in olographic form naming her three grandchildren as legatees to share equally in the property and Adrian G. Duplantier as executor of her estate. The succession was opened on March 25, 1960, on petition of the executor. After a prolonged period of administration and one or more attempts to sell the property at public auction, a private sale was negotiated and approved and the property sold for $2,800.00.
On June 20, 1963, the executor filed what purports to be a final account of his administration and sought approval of the proposed distribution of the proceeds of the-sale after deducting the expenses of administration. He proposed to distribute the-proceeds to the grandchildren of decedent,, Lillian Pierce and Edward Pierce, one-third each, and to the heirs of Johnny Pierce, the remaining one-third. It is to this final account and proposed distribution-that the opposition of Emory Smith is directed.
Exceptions of no cause or right of action and nonjoinder of indispensable parties were filed by the executor. The exception of no cause or right of action was. overruled and the exception of nonjoinder sustained and opponent given thirty days, to join the purchaser of the property. The purchaser was joined properly, and thereafter a stipulation was entered in the record whereby opponent agreed to quitclaim his interest in the property to the purchaser and to limit his demands to one-half the proceeds of the sale. In addition to this, he seeks to hold the executor accountable for all rents collected and which should have been collected and demands payment of one-half thereof to him on account of his ownership of one-half the property. *416 He also challenges the executor’s account in certain other respects alleging excessive fees, etc.
After a trial on the issues raised by opponent, the trial court, by judgment of February 7, 1964, maintained the exception of no cause or right of action and dismissed ■the opposition. A new trial was granted for •the limited purpose of hearing an additional witness and thereafter, February 27, 1964, .judgment was rendered again maintaining ■the exception of no cause or right of action.
The reasons for judgment, appearing in the transcript at the conclusion of the trial ■on February 27, clearly show that the trial judge based his decision upon a finding of fact that the property in question was the separate and paraphernal property of the decedent, Louella Ridley Smith. He completely rejected the claim of the opponent to any community interest in the property or proceeds from the rent or sale thereof.
It is our'opinion that the exception of no cause or right of action should '.have been maintained but upon an entirely •different basis from that found by the trial judge. It should have been maintained at "the outset, without the necessity of a trial •on the merits, on the ground that the executor’s account is one rendered to the creditors and heirs of the succession which he administers. One who claims the property ■or an interest therein as belonging to himself, and not to the succession, cannot assert such claim by way of opposition. It was long ago established in our jurisprudence that the opponent who claims the property or an unliquidated debt against a succession must bring a direct action to establish his claim. It cannot be done by summary proceeding in opposition to the account of the executor or administrator. Succession of Troxler, 46 La.Ann. 738, 15 So. 153; Calder v. Creditors, 45 La.Ann. 765, 13 So. 162; Succession of Sanchez, 41 La.Ann. 504, 6 So. 791; Cathey v. Kerr, 15 La.Ann. 228.
The jurisprudence clearly established by these old cases has been followed consistently by the courts of this state. See Succession of Rabb, 193 So. 268 (La.App.Orleans 1940), and Succession of Glover, 153 So. 496 (La.App.Orleans 1934). In the Rabb case McCaleb, Judge (now an associate justice of the Supreme Court), cited with approval the Succession of Sanchez, supra, and restated the jurisprudence holding that the opponent must bring an ordinary action; that there is no authority in our law for him to proceed by the summary process of opposition to the executor’s account. These decisions were based upon provisions of the Code of Practice, but we find nothing in the new Code of Civil Procedure to change the law applicable to such cases.
In the instant case, the opponent, Emory Smith, neither claims to be an heir nor a creditor of the estate of Louella Smith. His claim is for recognition of ownership of an undivided one-half interest in property and for an unliquidated sum alleged to be owed to him by the executor for rents collected from the property and for rents not collected but which he asserts the executor owed a duty to collect for his account. He is clearly without a right of action to enforce such claims by way of opposition to the executor’s account. His rights, if any, must be established by ordinary and direct action.
Having found that the exception of no cause or right of action should have been maintained on the question of law involved, there is no necessity for us to consider the merits of the case.
The judgment appealed from is affirmed for the reasons herein stated, at appellant’s cost.
Affirmed.