DOMENGEAUX, Judge.
This appeal arises out of a judgment which rejected the opposition of Ross Franklin Oliver to the homologation of a tableau of distribution proposed by the ad-ministratrix of the succession of Alton Elmo Isgitt.
The facts of this case are that Alton Elmo Isgitt departed this life on February 14, 1973, at Many, Louisiana. Subsequently a petition for appointment of an admin *232 istrator in the succession of the decedent was filed by his widow, Nettie Mae Am-mons Isgitt. Thereafter she was confirmed as administratrix and proceeded to administer the succession in accordance with law. On January 31, 1974, Mrs. Is-gitt filed a petition for authority to pay the debts of the succession, attaching a tableau of distribution. Ross F. Oliver filed the opposition to the tableau of distribution on February 7, 1974.
In said opposition Oliver alleged that on January 17, 1972, while working in the course and scope of his employment for Alton Isgitt and others in their pulpwood operation in Sabine Parish, he sustained disabling injuries. As a result Oliver filed a workmen’s compensation suit entitled “Ross Franklin Oliver versus Alton Isgitt, Bob Lowrey, et al”, bearing docket number 26,812 in the Eleventh Judicial District Court, Sabine Parish, Louisiana, for total and permanent disability benefits in addition to extensive hospital, doctor, and other medical expenses. Alton Isgitt filed an answer to the workmen’s compensation suit denying any obligation.
After the death of Isgitt, Oliver, through his attorney, filed a motion requesting that the administratrix of the succession appear and substitute herself for the deceased defendant. In compliance with this motion and pursuant to an order of the court Mrs. Isgitt was substituted as party defendant in the suit on August 5, 1973. Said compensation suit was pending at the time the aforementioned tableau of distribution was filed on January 31, 1974. The tableau, however, did not list Oliver as a creditor, nor did it contain any reference to the workmen’s compensation claim of the plaintiff.
In plaintiff’s opposition he asked that the court recognize his claim for workmen’s compensation benefits and thereby amend the tableau of distribution to include him as a creditor. In the alternative his plea was that the court “hold up” the homologation of the tableau of distribution pending disposition of his suit.
Judgment was handed down on March 14, 1974, rejecting the opposition, ordering that the tableau of distribution be homolo-gated, and authorizing the administratrix to pay the charges and debts of the succession. Plaintiff-opponent has appealed sus-pensively.
Three issues are raised on this appeal:
(1) Whether the plaintiff is a “succession creditor” by reason of his pending workmen’s compensation suit ?
(2) If so, whether the tableau of distribution should be amended to recognize the nonlitigated claim as a succession debt, and thereby require the administratrix to escrow an amount before any other debts are paid?
(3) If found to be a creditor, whether there is authority to enable the court to “hold up” the homologation pending disposition of plaintiff’s suit?
The trial judge answered each of the foregoing in the negative, indicating in written reasons that no authority had been shown for the court to recognize any of the plaintiff’s allegations.
Plaintiff-opponent argues that LSA C.C.P. Art. 3246 makes it clear that a “succession creditor” may be a claimant with an unliquidated claim. The article cited as authority reads as follows:
“A creditor of a succession may not sue a succession representative to enforce a claim against the succession until the succession representative has rejected the claim.
If the claim is rejected in whole or in part by the succession representative, the creditor to the extent of the rejection may enforce his claim judicially.”
As pointed out by counsel for the plaintiff, the Official Revision Comments to LSA C.C.P. Art. 3246 indicate that the second paragraph of the article is based on Art. 986 of the 1870 Code of Practice, which provided that if a claim is not liqui *233 dated, or if the representative refuses to approve it, the creditor may bring an ordinary action or may proceed by way of opposition to the final account. The comment states that the language “may enforce his claim judicially” found in Art. 3246 is intended to cover both of the procedures provided for in Art. 986 of the 1870 Code of Practice. In addition the comment points out that the article is applicable to all claims, whether liquidated or not, including damage suits.
Art. 986 of the Code of Practice of 1870 originally read as follows :
“Art. 986. If the claim be not liquidated, or if the curator or testamentary executor or administrator have any objection to it, and consequently refuse to approve it, the bearer of the evidence of such claim, whatever may be its amount, may bring his action against the curator or administrator in the ordinary manner, before the court of probate where the succession was opened, or before the district court, according to the amount involved, and may obtain judgment in the same manner as in other cases.” (Emphasis ours)
By Acts 1940 No. 283, the article was amended to omit the language emphasized above, and the following language was added in its place:
“may bring his action against the curator or testamentary executor or administrator in the ordinary manner, or by way of opposition to the account filed in the said succession proceedings by the curator or administrator.”
As pointed out in 3 Louisiana Law Review, at pages 132-3, the above changes were made so as to eliminate the obsolete provisions therein, insofar as the jurisdiction of courts was concerned, because all suits covered thereunder would be brought before district courts. In addition the Legislature chose to amend the article adding the provision that actions thereunder could be brought either in the ordinary manner or by way of opposition to the account filed in the succession proceeding.
Theretofore the jurisprudence had almost without exception held that the sole remedy of the holder of an unliquidated claim was by ordinary suit via petition and citation and not by opposition to the final account. Maxwell-Yerger Co. v. Rogan, 125 La. 1, 51 So. 48 (1910); Pickett v. Gilmer, 32 La.Ann. 991 (La.1880); Succession of Winn, 30 La.Ann. 702 (La.1878); Succession of Jacobs, 5 Rob. 270 (La.1843); Succession of Rabb, 193 So. 268 (La.App.Orl.Cir.1940). However one case had explicitly held the opposite. Stafford v. Succession of McIntosh, 38 La.Ann. 664 (La.1886). In addition the Supreme Court indicated in Succession of Ott, 182 La. 850, 162 So. 642 (1935) (the last case which referred to the article before its amendment in 1940) in dicta that either procedure possibly could be used.
Thereafter the Legislature did amend the statute and explicitly provided that either procedural remedy would be allowed. This statute has since been recognized in Succession of Lombardo, 204 La. 429, 15 So.2d 813 (1943) and in the per curiam opinion in Succession of Smith, 169 So.2d 414 (La.App. 4th Cir. 1964), affirmed on other grounds, 247 La. 921, 175 So.2d 269 (1965).
Thus we are of the opinion that the intent of LSA C.C.P. 3246 is clear, and the plaintiff herein can bring an action as a creditor on an unliquidated debt [such as the pending workmen’s compensation suit] by either specified procedure, i. e. direct action against the administrator (trix) or by opposition to the final account.
In this case, the plaintiff in effect proceeded via direct action against the admin-istratrix by substituting her as party defendant in the suit. He also filed the aforementioned opposition to the tableau of distribution under LSA C.C.P. Art. 3307, asking not that his workmen’s compensation claim be determined therewith, but only that the claim be recognized and an *234 amount escrowed, or that the homologation of the tableau be held up until the pending suit was decided.
Authority for plaintiff’s argument (that the unliquidated claim be included in the tableau and an amount held back or es-crowed until judgment on the claim) was once found in Civil Code Article 1182 and given credence to in‘Succession of Ott, supra. As noted, however, the article was repealed in 1960 and replaced by LSA C. C.P. Art. 3303. The trial judge points out correctly that Art. 3303, and those related thereto, do not incorporate the provisions theretofore found in Civil Code Art. 1182.
Counsel for the succession points out that to force the administratrix to include opponent’s nonlitigated claim in the tableau as a debt (before a judicial decision thereon is made) would under LSA C.C.P. Arts. 3242-3244 create a prima facie presumption of the validity of the claim, thereby placing upon the succession the burden of proving the invalidity thereof. This argument is persuasive but not controlling insofar as the rights of the opponent are concerned.
Plaintiff-opponent argues alternatively that the homologation should be suspended pending the outcome of the workmen’s compensation litigation. We believe this position has merit. Otherwise, an administrator could dispose of all of the property under the succession (regardless of possible priority of the pending judgment) and the alleged creditor with the pending claim, if he is adjudged to be such, would be without an effective remedy. Our conclusion is supported in several early Supreme Court cases. Maxwell-Yerger Co. v. Rogan, supra; Succession of Troxler, 46 La.Ann. 738, 15 So. 153 (1894); Succession of Sanchez, 41 La.Ann. 504, 6 So. 791 (1889).
We conclude therefore that a suspension of the homologation of the tableau is proper. This ruling is not meant however to limit nor does it limit the authority of the district court, in due proceedings, to allow the payment of those debts which would clearly prime any judgment which Oliver may secure.
For the above and foregoing reasons the judgment of the trial court is reversed and it is hereby ordered, adjudged, and decreed that the homologation of the tableau of distribution be suspended until a final decision is reached in the workmen’s compensation case, #26,812, entitled “Ross Franklin Oliver Versus Alton Isgitt, Bob Low-rey, et al” filed in the Eleventh Judicial District Court. Costs of these proceedings, both at trial and on appeal, are hereby assessed against defendant-appellee.
Reversed and remanded.